[Crim. No. 1719. Second Appellate District, Division One.—October 4, 1928.]

THE PEOPLE, Respondent, v. FRANK GRIMES, Appellant.

M. H. Broyles for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

YORK, J.— By amended information filed on May 24, 1928, the defendant was charged with the crime of violating the State Poison Act (Stats. 1907, p. 124.) It was further alleged that prior to the commission of said offense the defendant had been convicted of a felony in the county of Imperial, that he had been convicted of a felony in the county of Sacramento, and also that he had been convicted of a felony in the county of Maricopa in the state of Arizona. On the eleventh day of June, immediately prior to the trial of the case, the charges of former conviction in Imperial County and in Arizona were stricken from the information. It follows that when the jury rendered its verdict finding the defendant guilty of violating the State Poison Act as charged and further found the charge of previous conviction "true as charged in the amended information," only one previous conviction was established.

On June 22, 1928, a second amended information was filed in which said charges of former conviction in Imperial County and in Arizona were renewed. At that time the defendant stood mute on the matter of said second amended information. Thereupon, the court pronounced judgment and transferred the cause to another department for further proceedings. In that department at a later date a trial of the issues (as to these two former convictions theretofore undetermined) was had, in which the jury found the charge of prior conviction in Arizona to be not true. The jury

being unable to agree upon said charge of prior conviction in Imperial County, the court dismissed said charge.

As the record now stands, the defendant has had imposed upon him only a judgment commensurate with a conviction of a violation of the State Poison Act and only the one prior conviction of robbery. The defendant, therefore, was not injured by reason of the further proceedings above noted, even if appellant's objections thereto were sustainable. It should be noted, however, that these additional proceedings, which affect the penalty only, are provided for by section 969a of the Penal Code.

There was a direct conflict in the evidence, and there was sufficient evidence to support the verdict of the jury as was announced by this court at the time of the oral argument herein. At that time the court held the case open only upon the question whether the superior court erred in ordering the second amended or supplemental information to be filed and a trial to be had of the issues as thereon presented.

The record clearly discloses a verdict with *one* prior conviction only, as heretofore stated in this opinion; therefore, no harm could possibly have resulted to the defendant in so far as the judgment appealed from is affected. He may have had to stand trial uselessly as to the charge of second and third prior convictions, but the result of that second trial did not in any way affect the matter now before this court.

As was stated to counsel at the oral argument, we are of the opinion that there is nothing in the instruction which would be misleading to the jury.

The judgment and order denying motion for new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.