[Crim. No. 3506. In Bank.—December 18, 1931.]

THE PEOPLE, Respondent, v. JOHN B. FEWKES, Appellant.

William J. Clark for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

SHENK, J.—The defendant was convicted on October 10, 1930, of the crime of grand theft. Application for probation was made and denied. Judgment was pronounced on December 8, 1930. An appeal from the judgment and from an order denying a motion for a new trial was taken on that day. The judgment and order were affirmed on October 24, 1931. (*People* v. *Fewkes*, 214 Cal. 142 [4 Pac. (2d) 538].) Pending the appeal and on December 11, 1930, the district attorney, acting pursuant to the provisions of section 969a of the Penal Code as amended in 1927, filed a supplemental information charging the defendant with a prior conviction of a felony in New Mexico. On arraignment the defendant denied the prior conviction. Trial by jury was waived on this issue and the trial thereon was by agreement set for February

27, 1931. When the matter came on for hearing the defendant admitted the prior conviction. The court found the allegations of the supplemental information to be true, and forthwith ordered that the judgment be modified by adding thereto the following paragraph: "The court finds defendant suffered a prior conviction of a felony and that he served a term of imprisonment in a penal institution therefor." From the judgment as modified this appeal is prosecuted.

At the time the judgment was so modified the statute provided: "Whenever after sentence, and before the sentence has expired, it shall be discovered that the indictment or information on which defendant was convicted did not charge all felonies of which defendant had theretofore been convicted, either in this state or elsewhere, it shall be the duty of the district attorney of the county wherein defendant was sentenced to cause to be filed a supplemental information setting up such prior conviction or convictions. . . . If defendant admit the prior conviction or convictions charged, the court shall re-sentence him to the sentence which would have been legal if such prior conviction or convictions had been admitted at the time of defendant's conviction, and such re-sentence shall operate as of the date of the original sentence."

In 1931 this section of the Penal Code was amended so as to eliminate the portion above quoted and all of the remainder of said section except the portion preceding the above quotation. As the section now reads it provides only for an amendment of a pending indictment or information so as to set forth the prior conviction or convictions.

The determination of this appeal is important only as affecting the rights of this defendant, and others similarly situated, if any, under the section as it existed prior to the amendment in 1931.

█ The point which first arrests our attention is the contention that since the supplemental information was filed and proceedings were had thereon, including the modification of the judgment, after the appeal from the original judgment was taken and while said appeal was pending, the trial court was without jurisdiction to modify or otherwise change the judgment in a matter of substance and so as to affect prejudicially the rights of the defendant under the

original judgment. It cannot be doubted that the modification of the judgment in this case would vitally affect the rights of the defendant. For example, it would affect the term of his minimum sentence as provided by section 1168 of the Penal Code, and might influence the place of confinement.

The defendant cites and relies upon numerous cases in this state commencing with *Bryan* v. *Berry,* 8 Cal. 130, and ending with *People* v. *Martin,* 199 Cal. 240 [248 Pac. 908], to the effect that after an appeal has been taken the judgment or order appealed from is removed from the jurisdiction of the superior court and cannot be modified or changed pending appeal so as to affect the substantial rights of the parties. This would be especially true when, as here, the subject matter of the change or modification depended upon facts found after the appeal had been taken and during the pendency thereof.

■ Assuming that the effect of said section 969a as enacted in 1927 was to modify the general rule relied upon by the defendant to the extent of continuing the jurisdiction of the trial court, notwithstanding the appeal, for the purpose of entertaining the supplemental information and proceedings thereunder, such assumption should go no further than the plain terms of the statute would permit, and the language of the code section would necessarily govern in the subsequent proceedings. The language therein employed unmistakably provides that when the defendant admits the prior conviction as charged ''the court shall resentence him to the sentence which would have been legal if such prior conviction or convictions had been admitted at the time of defendant's conviction''.

It nowhere appears in the record that the defendant was resentenced as required by the statute. Indeed, there is no contention that he was resentenced. The only action taken or order made was to modify the original judgment by inserting therein the paragraph above quoted. This failure to follow the terms of the code section was fatal to the proper operation of the law as written.

It follows that the defendant stands convicted under the original judgment as affirmed by this court, and he is not bound by the attempted modification thereof.

The judgment as modified on February 27, 1931, is therefore reversed.

Richards, J., Waste, C. J., Curtis, J., Langdon, J., and Preston, J., concurred.