[No. S045411. July 18, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO VALLADOLI, Defendant and Appellant.

COUNSEL

David H. Pierce and Mark Alan Hart, under appointments by the Supreme Court, for Defendant and Appellant.

Charles H. James, Public Defender, and Ron Boyer, Deputy Pubic Defender, as Amici Curiae on behalf of Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Tricia A. Bigelow, Marc E. Turchin and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WERDEGAR, J.**—We granted review in this case to determine whether Penal Code section 969a (all further statutory references are to this code unless otherwise stated) permits the People to amend an information to include prior felony conviction enhancement allegations when (i) the jury has already rendered a verdict for the substantive crimes charged in the information, but (ii) the jury has not yet been discharged. We conclude the amendment, which occurred after the verdict but before sentencing, was permissible under section 969a.

FACTS

On October 12, 1993, Officer David Cochrane, working undercover, encountered Debbie Alvarez. He told Alvarez he was looking to buy some "black and white," street vernacular for tar heroin and powdered cocaine. When Alvarez suggested she could help him, he gave her a $20 bill whose serial number he had previously recorded. Alvarez held the bill in her right hand and walked over to where defendant Valladoli was standing. As Officer Cochrane watched from 15 feet away, Alvarez and defendant spoke, Alvarez gave defendant the $20 bill, and defendant removed two balloons from his mouth and handed them to her. As Alvarez walked away, police moved in and arrested her. She spat out the balloons and gave them to police. Police also arrested defendant, finding him in possession of the $20 bill Officer Cochrane had given Alvarez.

The People filed a felony complaint on October 28, 1993. Count 1 charged Alvarez with sale of heroin and cocaine (Health & Saf. Code, § 11352, subd. (a)). Count 2 charged defendant with the sale of the same drugs (*ibid.*).

Count 3 charged both Alvarez and defendant with possession of heroin and cocaine for sale. (*Id.*, § 11351.) In addition, the complaint "further alleged as to Count(s) 2 & 3" that defendant had served three prior prison terms within the meaning of section 667.5, subdivision (b), citing felony convictions for sale of narcotics on January 26, 1990, and February 15, 1990, and for receiving stolen property on October 7, 1992. The complaint also alleged the same prior convictions as enhancements under Health and Safety Code sections 11370.2 and 11352.5, subdivision (3). Finally, the complaint alleged the same convictions as a prohibition on the grant of probation or a suspended sentence. (§ 1203, subd. (e)(4); Health & Saf. Code, § 11370, subds. (a), (c).)

After an information was mistakenly filed against defendant and then withdrawn, a preliminary examination was held for defendant on November 30, 1993. At the conclusion of the hearing, the magistrate held defendant to answer on count 2 (sale of heroin and cocaine). Defendant's attorney asked that count 3 (possession for sale) be dismissed and the magistrate agreed. Page 7 of the November 30, 1993, felony complaint, is entitled "Felony Complaint - Order Holding to Answer - P.C. Section 872." On that page, someone, presumably the magistrate, crossed out the charges for count 3 as well as all 10 enhancement allegations. Striking the allegations was unwarranted, however, because the enhancements had been alleged as to both counts 2 and 3. Thus, dismissal of count 3 did not require dismissal of the enhancements as to count 2.

The People filed an information in superior court on December 14, 1994. The information originally charged defendant with two counts of sale of narcotics. (Health & Saf. Code, § 11352, subd. (a).) Count 2 of this information was later amended to charge possession for sale. (Health & Saf. Code, § 11351.) For the first time, the applicable charging document—the December 14th information—failed to include the 10 enhancement allegations that were based on the trio of prior felony convictions. There is nothing in the record indicating either party successfully sought dismissal of the enhancement allegations, or that the magistrate ordered the allegations dismissed on her own motion. In short, it appears the lacuna was a simple clerical error. No one, apparently, noticed the omission, and the parties proceeded to trial. Following a trial, a jury found defendant guilty of both sale and possession for sale of heroin and cocaine.

Following the rendering of the verdicts, the jury was excused from the courtroom (but not discharged), and the following colloquy took place:

"THE COURT: So this matter has been proceeding on a bifurcated basis on the assumption that there were some priors alleged. I think technically, it has

now been discovered that the priors were alleged in the complaint, but not in the information as filed. [¶] But I understand you intend to make a motion?

"MR. FRISCO [the prosecutor]: Yes, your Honor. [¶] I would just say it was an oversight that the felony complaint was not transcribed correctly and the priors were omitted because of inadvertence. [¶] At this time, your Honor, I would like to amend the felony information and I would ask to allege prior convictions of this defendant. . . ."

Defense counsel objected, claiming the amendment, if allowed, would violate both defendant's right to a speedy trial, as well as the rule requiring prior conviction enhancement allegations be pleaded and proved according to basic criminal pleading practice. Counsel specifically argued the amendment could not properly occur "after the verdict has been rendered in this case."

After additional argument, the trial court permitted the prosecutor to amend the information with the priors, and a hearing before the same jury commenced. The jury found defendant had suffered prior felony convictions for: (i) receiving stolen property in 1992 (§ 496); (ii) possession for sale of a controlled substance in 1990 (Health & Saf. Code, § 11351); and (iii) sale of a controlled substance in 1990 (*id.*, § 11352). These convictions led to two consecutive three-year enhancement terms pursuant to Health and Safety Code section 11370.2, a consecutive one-year term under section 667.5, subdivision (b), and a concurrent one-year term under the same section. Defendant was sentenced to an aggregate term of 12 years in prison, of which 7 years were attributable to the prior felony conviction enhancements.

## DISCUSSION

Although neither party cited section 969a to the trial court, both now concede the section controls this case. Section 969a states: "Whenever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted either in this State or elsewhere, said indictment or information may be forthwith amended to charge such prior conviction or convictions, and if such amendment is made it shall be made upon order of the court, and no action of the grand jury (in the case of an indictment) shall be necessary. Defendant shall promptly be rearraigned on such information or indictment as amended and be required to plead thereto."

### A. *Plain Meaning of the Actual Words*

Observing that section 969a explicitly requires that as a condition of amendment the information be "pending," defendant argues the plain

meaning of this requirement prohibits postverdict amendments, because an information is no longer "pending" when the jury has finished its deliberations and returned a verdict. At that time, he argues, the information is no longer "pending" because the function of the information has been fulfilled. Accordingly, the People's statutory right to amend the information ceased when the jury returned a verdict.

In contrast, respondent relies on definitions found in two standard law dictionaries to conclude that the word "pending" means that period of time beginning at the inception of a legal proceeding "until the rendition of a *final judgment.*" (Black's Law Dict. (6th ed. 1990) p. 1134, col. 2, italics added; see also Ballentine's Law Dict. (3d ed. 1969) p. 930, col. 1 [a "pending action" is one that "has not been terminated by a final judgment or order"].) Because a verdict is not a final judgment (§ 1237, subd. (a) [sentence is a final judgment that may be appealed]; cf. *People* v. *Gardner* (1960) 177 Cal.App.2d 43, 45 [1 Cal.Rptr. 830] [verdict of guilty not appealable]; 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3164, p. 3919 ["[t]he judgment is the oral pronouncement under [§ 1202] . . . , not the jury's verdict"]), respondent argues the information remains "pending" for section 969a purposes until pronouncement of sentence.

In sum, defendant claims the information ceases to be "pending" upon the rendering of the verdict, whereas respondent argues the information continues to be "pending" until pronouncement of sentence.

 To determine the meaning of section 969a, we must "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386 [241 Cal.Rptr. 67, 743 P.2d 1323] (hereafter *Dyna-Med*).) Our first step is to scrutinize the actual words of the statute, giving them a plain and common-sense meaning. (*Mercer* v. *Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 [280 Cal.Rptr. 745, 809 P.2d 404]; *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

The critical language at issue here is the following passage in section 969a: "*Whenever* it shall be discovered that a *pending* . . . information does not charge all prior felonies of which the defendant has been convicted . . . , said . . . information may be forthwith amended to charge such prior conviction or convictions . . . ." (Italics added.) Certainly the word "whenever" suggests the amendment may be made at any time. (See *People* v. *Superior Court (Mendella)* (1983) 33 Cal.3d 754, 764, fn. 9 [191 Cal.Rptr. 1, 661 P.2d 1081] [emphasizing the word "whenever" in § 969a in observing that because the People can add prior felony allegations later, priors need not

be pleaded and proven at the preliminary examination], superseded by statute on another point, as discussed in *People* v. *Baries* (1989) 209 Cal.App.3d 313, 321 [256 Cal.Rptr. 920].) This potentially open-ended period for amendment, however, is then limited by the description of the information as "pending," which suggests some temporal limit on amendments. Whether an information is still "pending" following receipt of the verdict, or whether it remains "pending" until sentencing, is not clear.

Defendant contends the question of the plain meaning of the word "pending" in section 969a has been settled by prior case law. In *People* v. *Houston* (1937) 24 Cal.App.2d 170 [74 P.2d 517] (hereafter *Houston*), the People filed a supplemental information alleging prior conviction allegations "[a]fter defendant had been found guilty." (*Ibid.*) When the defendant appealed and claimed the supplemental information (and the subsequent finding he was an habitual criminal) was improper, the Attorney General conceded the filing was error under section 969a, and the appellate court accordingly reversed the judgment of habitual criminality. (*Houston, supra,* 24 Cal.App.2d at p. 171.)

Two years later in *People* v. *Louviere* (1939) 34 Cal.App.2d 62 [93 P.2d 179] (hereafter *Louviere*), the People, following the jury's verdict, filed an amended information to charge a prior conviction. The allegation was apparently found true. On appeal, the appellate court held the trial court erred in permitting the postverdict amendment of the information and deleted reference to the prior conviction, citing *Houston, supra,* 24 Cal.App.2d 170. (*Louviere, supra,* at p. 64.)

Finally, in *People* v. *Morton* (1953) 41 Cal.2d 536 [261 P.2d 523] (hereafter *Morton*), this court cited both *Houston* and *Louviere* in observing section 969a "relates only to the amendment of a pending indictment or information to add new prior conviction charges *before verdict.*" (*Morton, supra,* at p. 543, italics added.) We continued: "The legislative purpose expressed in the section . . . was to fix a time after which no further charges could be made." (*Ibid.*)

Defendant contends this trio of cases establishes an information is no longer pending for section 969a purposes following receipt of the verdict. Although these three opinions suggest a postverdict amendment of the information to charge prior convictions is impermissible, none is dispositive of the issue now before us. In *Houston, supra,* 24 Cal.App.2d 170, the court engaged in no analysis of the issue, the Attorney General having conceded error. In *Louviere, supra,* 34 Cal.App.2d 62, the appellate court simply cited *Houston,* again providing no analysis of the question of the proper interpretation of section 969a.

Defendant's claim that *Morton* controls this case fares no better. In *Morton,* the primary issue was whether the evidence was sufficient that a crime for which the defendant had spent time in the Tennessee State Penitentiary qualified under California law as a prior felony conviction. To prove the prior conviction, the People presented a card from the Tennessee prison bearing the defendant's name, fingerprints, and the letters "HBL." No Tennessee prison official testified as to the meaning of these initials, although a local California law enforcement officer testified that, according to the Federal Bureau of Investigation's Bulletin of Standardized Abbreviations, he believed "HB" stood for housebreaking and "L" denoted larceny. We concluded this evidence was insufficient to prove the prior conviction. (*Morton, supra,* 41 Cal.2d at pp. 539-540.)

The next question in *Morton* was whether the entire matter (including the substantive offenses) had to be retried, or whether a limited remand for retrial on just the prior felony enhancement was permissible. (*Morton, supra,* 41 Cal.2d at pp. 541-542.) In the course of this discussion, this court cited *Houston* and *Louviere,* and briefly suggested that the interpretation of section 969a in those cases was necessary to ensure the prior conviction allegations are tried by the same jury. (*Morton, supra,* 41 Cal.2d at p. 543.) This passage in *Morton* was dictum, however, because the case did not concern the proper interpretation of section 969a, but instead involved whether the evidence was sufficient to prove a certain prior conviction and, if not, what the proper procedure would be on remand. (41 Cal.2d at pp. 540-541.)

In sum, neither *Houston, Louviere,* nor *Morton,* persuades us the plain meaning of the actual words in section 969a prohibits postverdict amendments of the information to allege prior felony convictions.

B. *Reading Section 969a in Context*

 An examination of the plain meaning of the pertinent terms of section 969a having failed to resolve the dispute, we next consider the context in which these words appear, attempting to harmonize the words of the statute within the overall statutory scheme. (*Lungren v. Deukmejian, supra,* 45 Cal.3d at p. 735; *Dyna-Med, supra,* 43 Cal.3d at p. 1387.) Defendant contends section 1164, subdivision (a) (hereafter section 1164(a)) indicates section 969a should be interpreted to prohibit postverdict amendments, at least in this case. To summarize his argument, defendant claims that, because section 1164(a) states the jury should be discharged following its reaching a verdict on the substantive charges, we may infer the Legislature has prohibited postverdict amendments to the information, because at that time no jury would be available to try any new charges. As we explain, this argument is not well taken.

Section 1164(a) states in pertinent part: "When the verdict given is receivable by the court, . . . [the clerk shall] inquire of [the jury] whether it is their verdict. If any juror disagrees, the fact shall be entered upon the minutes and the jury again sent out; but if no disagreement is expressed, *the verdict is complete, and the jury shall, subject to subdivision (b), be discharged from the case.*" (Italics added.) Reading the language of section 1164(a) literally, defendant argues that because the prosecution in this case neglected to include any of the prior conviction allegations in the original information, the verdict rendered by the jury was "complete," i.e., there was nothing left for the jury to do, and thus section 1164(a) required the trial court to discharge the jury. More importantly, this outcome, he contends, demonstrates the Legislature could not have contemplated that any postverdict amendments to the information would be made, because the jury would already have been discharged.

This argument fails to appreciate that section 1164(a) by its terms is "subject to subdivision (b)," which states in pertinent part: "No jury shall be discharged until the court has verified on the record that the jury has either reached a verdict or has formally declared its inability to reach a verdict on all issues before it, *including . . . the truth of any alleged prior conviction* whether in the same proceeding or *in a bifurcated proceeding.*" (§ 1164, subd. (b), italics added.) By these words, it is clear the Legislature recognized a trial on the question of prior felony convictions could take place after trial on the substantive charges, i.e., in a bifurcated trial. (See *People v. Calderon* (1994) 9 Cal.4th 69 [36 Cal.Rptr.2d 333, 885 P.2d 83] [trial court has discretion to bifurcate the trial]; *People v. Bracamonte* (1981) 119 Cal.App.3d 644 [174 Cal.Rptr. 191].) Thus, defendant's supposition the Legislature assumed the jury would be discharged immediately after the verdict is unfounded.[1]

An examination of related code sections supports this conclusion. Section 1025 provides prior conviction allegations "must be tried *by the jury which tries the issue upon the plea of not guilty* [for the substantive crimes]." (Italics added.) Similarly, where drug or narcotics offenses are involved, Health and Safety Code section 11370, subdivision (d), likewise requires "[t]he existence of any previous conviction . . . under this section shall be . . . either

---

[1]Moreover, defendant's argument, even if accepted, would apply only to the situation where *none* of the available prior convictions were charged, for only in that situation could a defendant argue the verdict was "complete." Taken at face value, defendant's interpretation of section 1164(a) would permit a postverdict amendment to allege priors if at least one prior was already charged (for then the receipt of the verdict would not be complete). We see nothing in the statutory scheme controlling amendment of the information suggesting courts should differentiate between cases where one or more priors are alleged and cases in which no priors are alleged.

admitted by the defendant in open court, or found to be true *by the jury trying the issue of guilt . . . .*" (Italics added.) Thus, the provision in section 1164, requiring that the jury be discharged following receipt of the verdict, is expressly qualified by the need to retain the jury to decide the truth of prior felony allegations.

Considering these statutory provisions together, we conclude the Legislature has not directed that the jury be discharged in all cases following completion of its deliberations on the substantive charges. Defendant's reading of these statutes is premised on the erroneous assumption that section 1164 requires the trial court to discharge the jury prior to entertaining the prosecutor's motion to amend. On the contrary, permitting a postverdict (but predischarge) amendment of the information or indictment to charge prior felony convictions helps implement the Legislature's purpose in adopting section 1164, subdivision (b), which requires the trial court, *before* discharging the jury, to "verif[y] on the record that the jury" has reached a verdict on all issues before it. The premise of defendant's argument (that there would be no jury to hear charges added to the information following the verdict) is thus flawed, and we reject his contention section 1164 demonstrates a legislative intent to prohibit postverdict amendments to the information.

Another part of the statutory scheme, however, sheds some light on the issue of postverdict amendments. Section 969½ states: "Whenever it shall be discovered that a pending complaint to which a plea of guilty has been made under section 859a of this code does not charge all prior felonies of which the defendant has been convicted either in this state or elsewhere, said complaint may be forthwith amended to charge such prior conviction or convictions and such amendments may and shall be made upon order of the court." Close examination of the two statutes reveals they bear striking similarity in wording and phrasing. Accordingly, section 969½ is the obvious parallel statute to section 969a. Both concern amendments to charge additional prior felony convictions; section 969½ addresses the situation where a defendant pleads guilty before a magistrate, whereas section 969a addresses the situation where a defendant pleads not guilty and goes to trial. As related statutes, the two must be construed together. (*Dyna-Med, supra,* 43 Cal.3d at p. 1387 ["statutes . . . relating to the same subject must be harmonized, both internally and with each other, to the extent possible"].)

■ A guilty plea is, for most purposes, the legal equivalent of a verdict of guilty reached by a jury. (*People* v. *Chadd* (1981) 28 Cal.3d 739, 748 [170 Cal.Rptr. 798, 621 P.2d 837]; 4 Witkin & Epstein, Cal. Criminal Law, *supra,* Proceedings Before Trial, § 2139, pp. 2507-2508.) Under defendant's interpretation of section 969a, the People would be prohibited in this case from

amending the information to allege his prior convictions because the jury had already returned its verdict. Had defendant pleaded guilty before the magistrate under section 859a, however, the express terms of section 969½ would have permitted the People to amend the information to charge his prior convictions after the guilty plea. Is there any justification for this apparently anomalous result?

An obvious motivating force underlying section 969½ is to prevent one accused of a crime from quickly pleading guilty before a magistrate and thereby limiting the amount of time the prosecutor has to investigate, discover, and charge the accused's prior felony convictions. This motivation is not, however, exclusive to the guilty plea situation. One accused of a crime can both waive the preliminary hearing and refuse to waive time for trial. Doing so would also place time restrictions on the prosecutor.

We conclude the apparent legislative intent underlying sections 969a and 969½ is sufficiently similar that the two should be construed together, with an eye towards effectuating the Legislature's expressed view that all known prior felony convictions of an accused be pleaded. (§§ 667, subd. (g), 1170.12, subd. (e).) Defendant's interpretation of section 969a, were we to accept it, would be inconsistent with both section 969½ and this expressed legislative intent. (See *Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 245 [149 Cal.Rptr. 239, 583 P.2d 1281] ["The literal language of enactments may be disregarded to avoid absurd results . . . ."] (hereafter *Amador Valley*).) Given the plain meaning of section 969½, the correctness of defendant's proposed interpretation of section 969a is doubtful.

## C. *Legislative History of Section 969a*

■■ ■■ If the meaning of section 969a is not sufficiently clear after considering the section in context, an examination of its legislative history provides a more definite answer. "Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent." (*Dyna-Med, supra,* 43 Cal.3d at p. 1387.)

Section 969a was first enacted into the Penal Code in 1927. (Stats. 1927, ch. 631, § 1, pp. 1064-1065.) The statute was part of a slate of recommended changes to the Penal Code proposed by the Commission for the Reform of Criminal Procedure (hereafter the Commission), a commission created in 1925 by then Governor Friend W. Richardson at the recommendation of the California Bar Association, a precursor to the present State Bar of California. (*Speeding Up the Criminal Machinery* (Dec. 1926) 1 State Bar J. 93; *The*

*Reform of Criminal Procedure* (Dec. 1926) 1 State Bar J. 103.) The Commission presented a report of its recommendations to the Legislature in 1927. Regarding the addition of section 969a, the report stated:

"It is recommended that this new statute be adopted[,] designed to cover cases where, after the filing of an indictment or information, it is discovered that defendant has previously been convicted of felonies which were not known at the time of the filing of the indictment or information. If the discovery is made *before sentence*, the pending indictment or information shall be amended upon order of the court and the case proceed as if such prior convictions had been charged in the original indictment or information. . . . [¶] The justice of this provision seems to require no argument. If a defendant has in fact been convicted of one or more previous felonies he ought not escape the consequences thereof simply because he has succeeded in concealing them." (Com. for the Reform of Criminal Procedure, Rep. to Legislature (1927) pp. 15-16, italics added (hereafter Report).)

As the Commission's report makes apparent, the framers of the original section 969a expressly stated their intent that the proposed new statute permit the amendment of an indictment or information up until *sentencing*, not just until the verdict is received. This interpretation, obvious from the Commission's report to the Legislature, was soon confirmed, albeit in dictum, in *People* v. *Grimes* (1928) 94 Cal.App. 238 [270 P. 1000] (hereafter *Grimes*). In that case, the Court of Appeal·considered "a second amended information" charging the defendant for the first time with two prior felony convictions. (*Id.* at p. 239.) The defendant had already been convicted by a jury for the substantive offense, violating the State Poison Act. (*Ibid.*) The appellate court observed the "additional proceedings" required by the postverdict amendment of the information were permissible under section 969a. (*Grimes, supra,* at p. 240.)

Our conclusion as to the meaning of section 969a is bolstered by consideration of an aspect of the ·1927 version of the statute that did not survive to the present day. Section 969a, as originally enacted, provided that, in addition to amending the information to charge prior convictions whenever the information was pending, "[w]henever *after sentence, and before the sentence has expired*, it shall be discovered that the indictment or information on which defendant was convicted did not charge all felonies of which defendant had theretofore been convicted, either in this state or elsewhere, it shall be the duty of the district attorney . . . to cause to be filed a supplemental information setting up such prior conviction or convictions." (Stats. 1927, ch. 631, § 1, p. 1064, italics added.)

The original section 969a thus permitted filing a supplemental information *after sentencing* to charge a defendant with his prior convictions, so long as

his sentence had not yet expired. (See *People* v. *Ysabel* (1938) 28 Cal.App.2d 259, 262-263 [82 P.2d 476], disapproved on other grounds, *People* v. *Thomas* (1959) 52 Cal.2d 521, 534 [342 P.2d 889].) The statute was amended in 1931 to eliminate this option. (Stats. 1931, ch. 485, § 1, p. 1060; see *People* v. *Fewkes* (1931) 214 Cal. 423, 425 [6 P.2d 250]; *People* v. *Ysabel, supra*, at p. 263.) The balance of the statute, however, has remained in pertinent respects unchanged from its 1927 inception to the present.[2]

Assuming an historically stable definition of the word "pending" in section 969a, defendant's argument the word "pending" means "pending receipt of the verdict" runs afoul of the canon of statutory construction that directs us to interpret legislative enactments to avoid absurd results. (*Amador Valley, supra*, 22 Cal.3d at p. 245.) Specifically, accepting defendant's definition of "pending" would lead to the following conclusions regarding the original 1927 version of the statute: (1) the People could have *amended* the information to allege prior felony convictions up to the time the verdict is received; (2) the People could similarly have filed a *supplemental* information following sentencing to allege prior felony convictions that were not charged in the original information, up until the time a defendant's sentence expired; but (3) the People were *prohibited* from amending the information (or filing a supplemental information) to allege prior felony convictions during the period between receipt of the verdict and sentencing.

We can perceive no plausible purpose for the Legislature to have created such a window period during criminal proceedings in which charging additional prior felony convictions would be prohibited. Even could we find a reason for the window period, moreover, such a period would be meaningless. Under that scenario, had a prosecutor discovered an additional prior felony conviction for a defendant after the verdict but before sentencing, he or she could merely have waited until after sentencing and filed a supplemental information charging the newly discovered prior felony conviction. The Legislature could not have intended the original section 969a to authorize such an awkward and ineffective procedure.

A much more likely interpretation of the 1927 version of section 969a is that the People were permitted to amend the existing information to allege prior felony convictions up to sentencing. After sentencing, the People could

---

[2]Section 969a, as originally written, was apparently mandatory. Thus, it provided that whenever it was discovered the information did not charge all available prior convictions, the information "*shall* be forthwith amended. . . ." (Stats. 1927, ch. 631, § 1, p. 1064, italics added.) This language remained in the statute following the 1931 amendment discussed in the text. The statute was thereafter amended in 1957 to its present form, providing the information "*may* be forthwith amended. . . ." (Stats. 1957, ch. 1617, § 1, p. 2963, italics added.) This aspect of the statute's evolution is not relevant for purposes of the present controversy.

file a supplemental information to allege priors up until the defendant's sentence expired. After the 1931 amendment of section 969a, the People were prohibited from the postsentencing option, but still retained the power to amend the information to allege priors up until sentencing. These time limits did not change with the 1957 amendments to section 969a. (See, *ante*, at p. 604, fn. 2.)

Even assuming our interpretation is correct, defendant contends the amendment of the information in his case was improper because legislative history shows section 969a is aimed at permitting the People to amend the information to allege previously *unknown* prior felony convictions, but not—as in this case—to charge prior felony convictions that were *known* to the prosecutor. In other words, defendant contends section 969a is intended to remedy the situation where the prosecutor belatedly learns of one or more of a defendant's prior felony convictions, and not to serve as an all-purpose "fix" for other trial deficiencies the prosecutor could have remedied with more timely action. (See *People* v. *Superior Court (Marks)* (1991) 1 Cal.4th 56, 77 [2 Cal.Rptr.2d 389, 820 P.2d 613] ["The United States Supreme Court has repeatedly counseled against subjecting a defendant to further proceedings to allow the prosecution the opportunity to ameliorate trial deficiencies, evidentiary or procedural, that could have been otherwise timely corrected."].)

Some language in the historical record supports this interpretation. For example, in describing the proposed section 969a in 1927, the Commission stated the new statute was recommended to address the situation, "where, after the filing of an indictment or information, *it is discovered* that defendant has previously been convicted of felonies *which were not known at the time of the filing of the indictment or information.*" (Report, *supra*, p. 15, italics added; see also *The Association's Legislative Program* (Jan. 1927) 1 State Bar J. 113, 127 [describing § 969a in similar terms].)

Nevertheless, defendant's reading, although consistent with this part of the legislative history, founders on the very words of the section itself. Thus, section 969a states: "Whenever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted . . . ." Thus, the Legislature has written the statute in terms of discovery that the information *fails to charge* existing priors, not discovery *of the existence* of a prior felony conviction. The distinction is more than semantic, for had the statute been written in terms of discovery of the existence of a prior felony, defendant's argument would stand on firmer ground. Inasmuch as section 969a speaks in terms of discovery that an indictment or information does not charge all available priors, that section,

as written, is broad enough to encompass: (i) amendment to charge prior felony convictions that were previously known; (ii) amendment to charge newly discovered prior felony convictions; and (iii) amendment to charge prior felonies omitted through clerical error, as apparently happened in this case.[3]

Finally, although the decisional record on this subject is sparse, our conclusion section 969a authorizes an amendment to charge a previously known prior felony conviction is consistent with the rule in at least one published opinion. In *People* v. *Finnegan* (1961) 192 Cal.App.2d 151, 155 [13 Cal.Rptr. 264, 17 A.L.R.3d 1258], the appellate court stated: "Section 969a . . . [is] broad enough to permit the indictment to be amended to charge a prior conviction, even though the grand jury knew of the prior but did not charge it in the indictment." We thus reject defendant's contention that consideration of the legislative history of section 969a requires we interpret that section to authorize amendments to charge only previously unknown prior felony convictions.

### D. *Due Process/Double Jeopardy*

 Defendant next contends that, to the extent section 969a permits the prosecutor to amend the information after the verdict to charge prior felony convictions, the statute violates his due process and double jeopardy rights under the state and federal Constitutions. Respondent argues defendant did not raise these issues in the trial court or in the Court of Appeal and thus waived them. Respondent's waiver claim is incorrect as to the double jeopardy claim. (*People* v. *Saunders* (1993) 5 Cal.4th 580, 592 [20 Cal.Rptr.2d 638, 853 P.2d 1093].) To the extent defendant is claiming section 969a violates due process on its face, and the amendment thus led to additional punishment in violation of the federal Constitution, that claim arguably is also properly raised. (Cf. *In re King* (1970) 3 Cal.3d 226, 229-230, fn. 2 [90 Cal.Rptr. 15, 474 P.2d 983] ["the constitutionality of legislation is always open to challenge on habeas corpus"].)

In any event, even assuming the constitutional claims were preserved for appeal, they are meritless. Defendant rather vaguely contends that to satisfy

---

[3]One limitation on the prosecutor's power to amend the information to charge previously uncharged prior felony convictions is he or she must obtain court approval. Section 969a states such amendment "shall be made upon order of the court." Thus, a court, in its discretion, may choose to deny permission to amend. (*People* v. *Brower* (1949) 92 Cal.App.2d 562, 564-565 [207 P.2d 571]; see also *People* v. *Loggins* (1955) 132 Cal.App.2d 736, 738 [282 P.2d 961] [amended information filed in open court presumed to have been "filed pursuant to leave of court"]; cf. *People* v. *Sipe* (1995) 36 Cal.App.4th 468, 490 [42 Cal.Rptr.2d 266] [trial court has discretion under § 969½ whether to permit a post-guilty-plea amendment to charge prior felony convictions]; *People* v. *Superior Court (Alvarado)* (1989) 207 Cal.App.3d 464, 476 [255 Cal.Rptr. 46] [same].)

due process concerns, he was entitled to written notice of the charges against him. This claim begs the question, for the amendment to the information was in writing. Thus, the real question is whether a written postverdict—but presentencing—amendment to the information gives a criminal defendant sufficient notice, thereby satisfying federal due process concerns.

We conclude that it does. ■ "Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." (*In re Hess* (1955) 45 Cal.2d 171, 175 [288 P.2d 5]; *People* v. *Thomas* (1987) 43 Cal.3d 818, 823 [239 Cal.Rptr. 307, 740 P.2d 419] [quoting *Hess*]; see also 4 Witkin & Epstein, Cal. Criminal Law, *supra*, Proceedings Before Trial, § 2060, pp. 2426-2427.) For the reasons discussed below, the postverdict amendment procedure permitted by section 969a does not, in itself, deny a criminal defendant such an opportunity to prepare.

To begin with, circumstances may entitle a defendant to a continuance to prepare to meet any newly charged allegations of prior felony convictions. (§ 1050, subd. (e).) The availability of a continuance undercuts the claim that a postverdict amendment, by itself, denies an accused the opportunity to prepare to meet the new charge or charges.

In addition, as the omission of priors from the information in this case was apparently due to a clerical error, we need not decide whether it would be permissible for a prosecutor *intentionally* to delay charging prior felony conviction enhancements until after the verdict. Such a prosecutorial decision would raise additional issues of statutory interpretation, as well as ethical considerations not presented on the facts of this case. Moreover, such a prosecutorial decision obviously carries the potential to have an unfair and detrimental impact on an accused's trial tactics and would change significantly the evaluation of the due process issue.

Section 969a expressly gives discretion to our trial judges to permit or deny the amendment (see, *ante*, at p. 606, fn. 3), and we rely in such matters on the prudent exercise of that discretion to ensure the due process rights of criminal defendants are adequately protected. In exercising such discretion, courts should scrutinize (i) the reason for the late amendment, (ii) whether the defendant is surprised by the belated attempt to amend, (iii) whether the prosecution's initial failure to allege the prior convictions affected the defendant's decisions during plea bargaining, if any, (iv) whether other prior felony convictions had been charged originally, and (v) whether the jury has

already been discharged (see § 1025).[4] This list, of course, is intended to be illustrative rather than exhaustive, and we reiterate the matter is best left to the discretion of our trial judges.

In this case, the record reveals defendant was not actually surprised by the new charges. The original felony complaint charged the three prior felony convictions. Furthermore, defendant's defense counsel discussed the priors at the preliminary examination. At the outset of the trial, defendant himself referred to "the cases that I have been charged with," and noted the People "are accusing me of three cases," apparent references to the three prior felony conviction allegations. After the verdict was received and the parties discovered the information did not actually charge the three priors, defense counsel stated: "I'm not saying I didn't have notice or anything of that nature." Later, counsel opined: "I would never try to mislead the court and suggest that there was any surprise in this case."

In addition, nothing in this case suggests the prosecution intentionally held back the prior felony conviction allegations to gain some tactical advantage, or that the delay had a detrimental impact on defendant's decision to accept an offered plea. Significantly, at the time of amendment the jury had not yet been discharged. Under the circumstances, we find no due process violation. (See *People* v. *Wilson* (1929) 101 Cal.App. 376, 381 [281 P. 700] [construing the 1927 version of § 969a, finding no due process violation because statute provides for "supplemental pleading, a plea thereto, and a trial by jury"].)

Assuming, without deciding, double jeopardy principles apply to allegations of prior convictions (see *People* v. *Saunders, supra,* 5 Cal.4th at p. 593), we reach a similar conclusion with regard to defendant's double jeopardy claim. He argues that because he had not entered a plea to the prior felony convictions by the time the jury returned a verdict on the present narcotics charges, all "jeopardy terminated before the prior convictions were alleged." As we recently explained, the constitutional prohibition against being placed twice in jeopardy "is designed to prevent an accused from being placed at risk more than once on a single charge; it is not concerned with whether, in a bifurcated trial, a single jury or multiple juries are utilized." (*People* v. *Saunders, supra,* at p. 595.) Moreover, "[d]efendant was not at risk, during trial of the current charges, that the jury would find true

[4]Inasmuch as the jury in this case was still available to adjudicate the prior felony conviction allegations, we are not faced with a situation in which the People attempted to amend the information or indictment after the jury was discharged. Accordingly, we express no opinion on whether such amendments are permissible under *other* statutory provisions. (See, e.g., § 1025; Health & Saf. Code, § 11370, subd. (d).)

the prior conviction allegations . . . ." (*id.*, at p. 594), and at the time the information was amended, " 'criminal proceedings against [defendant had] not run their full course' " (*Justices of Boston Municipal Court* v. *Lydon* (1984) 466 U.S. 294, 308 [80 L.Ed.2d 311, 325, 104 S.Ct. 1805], quoting *Price* v. *Georgia* (1970) 398 U.S. 323, 326 [26 L.Ed.2d 300, 304, 90 S.Ct. 1757]).

Thus, "[t]he evils against which the double jeopardy clause is directed were absent in the present situation." (*People* v. *Saunders, supra,* 5 Cal.4th at p. 595.) Indeed, it would not necessarily violate the state or federal constitutional provisions against double jeopardy for the state to prescribe a *new jury* be impaneled to try any felony conviction allegations. (*Id.*, at pp. 595-596.) That being the case, to permit an amended filing and have *the same jury* determine the truth of the prior felony conviction allegations cannot violate double jeopardy.

## CONCLUSION

The Court of Appeal below found the postverdict amendment of the information in this case was permissible under section 969a, and that the trial court properly allowed the amendment.[5] As we have explained, the lower court was correct in this assessment. Accordingly, the judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., and Baxter J., concurred.

**MOSK, J.**—I concur in the judgment of the majority. I also join in Justice Chin's concurring opinion. As he notes, our decision in this case establishes only that Penal Code section 969a (further statutory references are to this code) authorizes postverdict amendments of an information or indictment *before* the jury has been discharged.

I write separately to point to a further limitation in our holding. In their discussion of the due process issues implicated by their construction of section 969a, the majority state: "[A]s the omission of priors from the information in this case was apparently due to a clerical error, we need not decide whether it would be permissible for a prosecutor *intentionally* to delay

---

[5]Section 969a states, "Defendant shall promptly be rearraigned on such information or indictment as amended and be required to plead thereto." As rearraigning the defendant on the entire information, including the crimes of which he has just been convicted, would make no sense, this passage should be read as requiring rearraignment on the amended allegations only. The trial court followed this procedure below. After a reading of the amended allegations, defendant denied them, the jury was brought back in, witnesses were called, and the jury found the prior felony convictions true.

charging prior felony conviction enhancement until after the verdict. Such a prosecutorial decision would raise additional issues of statutory interpretation, as well as ethical considerations not presented on the facts of this case. Moreover, such a prosecutorial decision obviously carries the potential to have an unfair and detrimental impact on an accused's trial tactics and would[, therefore,] change significantly the evaluation of the due process issue." (Maj. opn., *ante*, at p. 607, original italics.)

I disagree with the implication of the majority that the lawfulness of deliberate prosecutorial delay in charging prior felony convictions is an open question. Apart from either ethical or due process considerations, such deliberate delay is outside the scope of section 969a, and is therefore not authorized by statute. A key word in this statute is *discovered*. The amendment of an information can occur under section 969a only when "it shall be *discovered* that a pending indictment or information does not charge all prior felonies of which defendant has been convicted . . . ." (Italics added.) As the legislative history reviewed by the majority makes ·clear, what the drafters of section 969a had in mind primarily was the situation in which a prosecutor belatedly discovers a defendant's prior felony convictions after an indictment or information has been filed. The majority hold, correctly, that section 969a will also apply when the prosecutor belatedly discovers that a prior felony conviction allegation has been omitted from the information or indictment through clerical error. But the inescapable inference of the phrase "[w]henever it shall be discovered" in section 969a is that it only applies when prior felony conviction charges have been *unintentionally* omitted and that omission is later "discovered"; in other words, postindictment or postinformation discovery is the act that triggers the authorization to amend. A prosecutor who deliberately delays charging the prior felony cannot be said to have "discovered" that the prior conviction charges were omitted after the filing of the original information, and an amendment pursuant to such an intentional withholding of prior felony allegations cannot be authorized by section 969a.

CHIN, J.—I concur in the judgment because I agree that Penal Code section 969a authorizes postverdict amendments at least until the trial court discharges the jury.

However, I do not join the majority insofar as it interprets Penal Code section 969a to authorize amendments beyond that point, until sentencing. On the facts of this case, it is unnecessary to decide this question, which implicates a defendant's statutory right to have the same jury determine both guilt and the truth of prior conviction allegations. (See, e.g., Pen. Code, § 1025; Health & Saf. Code, § 11370, subd. (d).) Indeed, notwithstanding its

interpretation of section 969a, the majority recognizes that this statutory right may prohibit postdischarge amendments. (Maj. opn., *ante*, at p. 608, fn. 4.) Thus, our decision here does not establish that postdischarge amendments are permissible.

Brown, J., concurred.