Filed 8/25/14  P. v. Allen CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE, | C071251 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-108383) |
| v. | |
| CASEY SCOTT ALLEN, | |
| Defendant and Appellant. | |

A jury found defendant Casey Scott Allen guilty of causing bodily injury while driving under the influence of alcohol and while driving with a blood-alcohol level of 0.08 percent or higher.  Due to a prior strike conviction, the trial court doubled the base term of defendant's prison sentence.  On appeal, he contends the trial court abused its discretion by permitting an amended information to be filed during trial to allege the prior strike conviction pursuant to Penal Code section 969a.[1]  We find the trial court did not

---

[1] Undesignated statutory references are to the Penal Code.

1

abuse its discretion in permitting the People to amend the information during trial and shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Given the limited nature of defendant's appeal, we recite only the facts pertinent to our analysis of the amendment to the information authorized by the trial court.

Defendant was charged with causing bodily injury while driving under the influence of alcohol and causing bodily injury while driving with a blood-alcohol level of 0.08 percent or higher. (Veh. Code, § 23153, subds. (a) & (b), respectively.) It was also alleged that defendant drove with a blood-alcohol level of 0.20 percent or higher (Veh. Code, § 23538, subd. (b)(2)), that he caused bodily injury to more than one victim (Veh. Code, § 23558), and that he had suffered a prior felony conviction (Super. Ct. Placer Co., 2004, No. 62-042093—Pen. Code, §§ 273.5, 236, 136.1) for which he had been in prison less than five years prior to the commission of the instant charged offense (Pen. Code, § 667.5, subd. (b)).[2]

On March 22, 2012, prior to the start of trial, counsel for defendant, the prosecutor and the judge met in chambers regarding a potential settlement of the case.[3] Defendant rejected an offer of an aggregate sentence of two years four months, i.e., "the low term of 16 months for a guilty plea to [either count] with an additional [one] year for a prison prior . . . ," an offer that the court was prepared to approve.

---

[2] We note that the record contains numerous instances of transposing the docket number of defendant's 2004 prior, using No. 62-042903 rather than the correct No. 62-042093, which is properly indicated on the abstract of judgment.

[3] The record on appeal does not include a reporter's transcript of this chambers conference. Consequently, this summary is taken from the settled statement, which has been filed in conjunction with this appeal.

Trial began on March 26, 2012. On the second day of trial, outside the presence of the jury, the prosecution moved to amend the information to clarify that the previously charged conviction (case No. 62-042093) involved a violation of section 136.1, *subdivision (c)(1)*,[4] which renders the conviction a strike pursuant to section 1192.7, subdivision (c)(37). On March 19, 2012, the prosecution had obtained defendant's certified prison records disclosing that the conviction was pursuant to subdivision (c)(1), and provided the records to defense counsel the same day. However, the prosecution did not review the records (or note the additional implication of the conviction) until after the jury was sworn.

The prosecution argued that amending the information would not change the facts of the case or any witness's testimony, and that the prior strike allegation would not be addressed until the penalty phase of the bifurcated trial. Defendant objected to the motion because trial had already commenced, and because it appeared the prosecution had not ordered or reviewed defendant's prison records timely or diligently. However, when asked what prejudice defendant would suffer if the motion were granted, defense counsel argued only that it increased the potential penalties defendant would face. Defense counsel submitted the issue to the court with no further argument.

The court granted the motion to amend the information, finding that though the strike could increase defendant's potential punishment, defendant would suffer no "substantial prejudice." The court further noted it has discretion to permit the filing of an amended information during trial, and that defendant was "on notice of the prior

---

**4** Section 136.1 makes it a crime to knowingly and maliciously dissuade or attempt to dissuade a victim or witness from testifying. (§ 136.1, subds. (a) & (b).) Subdivision (c)(1) applies where the act is accomplished by threat of force or violence, in furtherance of a conspiracy, for pecuniary gain, or by a person previously convicted of dissuading a witness or victim. (§ 136.1, subd. (c)(1).)

3

conviction or at least aware of its existence" and had been provided a copy of his prison records revealing the conviction.

A jury found defendant guilty of causing a bodily injury while driving under the influence and while driving with a blood-alcohol level of 0.08 percent or higher, and found true the special allegation that defendant drove with a blood-alcohol level of 0.20 percent or higher.[5] Thereafter, defendant admitted the charged prior conviction. The court sentenced defendant to an aggregate term of 44 months in state prison, comprised of 32 months on count one (the low term of 16 months doubled due to defendant's prior strike admission); an identical sentence on count two stayed pursuant to section 654; and an additional consecutive 12 months based on defendant's prior prison term pursuant to section 667.5, subdivision (b).

## DISCUSSION

Defendant contends the trial court abused its discretion by granting the prosecution's request to amend the information to charge the prior strike because "there was an inadequate reason for the late amendment" and the lateness of the amendment detrimentally impacted defendant's "decisionmaking during plea negotiations." We find the trial court did not abuse its discretion.

A trial court may, within its discretion, permit an amendment to the information to charge prior felonies at any time while the information is pending. (*People v. Valladoli* (1996) 13 Cal.4th 590, 606 (*Valladoli*).) As provided in section 969a, "Whenever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted either in this State or elsewhere, said indictment or information may be forthwith amended to charge such prior conviction or

---

[5] The jury did not conclude whether defendant had caused bodily injury to more than one victim.

4

convictions, and if such amendment is made it shall be made upon order of the court, and no action of the grand jury (in the case of an indictment) shall be necessary. Defendant shall promptly be rearraigned on such information or indictment as amended and be required to plead thereto."

Defendant would have us find the court abused its discretion because (1) the People did not present a sufficient reason for their delay in seeking the amendment, and (2) defendant turned down an offer of a negotiated disposition prior to the amendment of the information. While those are two factors to be weighed by the trial court in deciding whether to allow the amendment, they are not the only factors to be weighed. Rather, courts are asked to weigh "(i) the reason for the late amendment, (ii) whether the defendant is surprised by the belated attempt to amend, (iii) whether the prosecution's initial failure to allege the prior convictions affected the defendant's decisions during plea bargaining, if any, (iv) whether other prior felony convictions had been charged originally, and (v) whether the jury has already been discharged." (*Valladoli*, *supra*, 13 Cal.4th. at pp. 607-608.)

Here, defendant was on notice of the prior conviction before trial because it was charged as the basis of the prior prison term enhancement in the information. The amended information added an allegation of a prior strike based on the same conviction; that it was a strike was not discovered by the prosecutor until defendant's prison records were obtained and reviewed. It was those records that disclosed the specific subdivision of section 136.1 that defendant had violated. While defendant may be correct that the prosecutor was not diligent in obtaining or reviewing those prison records, he did so before the jury was discharged and before the portion of defendant's bifurcated trial devoted to his prior convictions began. Thus, the reason for the late amendment is not dispositive. Additionally, the prosecutor provided the records to defense counsel prior to the March 22, 2012 plea negotiations and prior to trial, and defendant did not indicate any

5

surprise, regret at declining the settlement offer, or other prejudice when the prosecution moved to amend the information. And even though defense counsel indicated he did not have an argument prepared, he submitted the issue to the trial court without requesting a continuance to prepare an argument. Thus, there is nothing in the record to suggest any surprise by the belated attempt to amend or that defendant's decisionmaking during plea negotiations was detrimentally affected by the late amendment. On these facts, we find the court did not abuse its discretion in granting the amendment of the information.

## DISPOSITION

The judgment is affirmed.


            BUTZ     , J.



We concur:



   HULL    , Acting P. J.



   ROBIE    , J.