TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 98-1202 |
| of | : | July 19, 1999 |
| BILL LOCKYER<br>Attorney General | : | |
| CLAYTON P. ROCHE<br>Deputy Attorney General | : | |

THE HONORABLE GORDON SPENCER, DISTRICT ATTORNEY, COUNTY OF MERCED, has requested an opinion on the following question:

May a charitable organization conduct a bingo game known as "progressive power ball bingo" in which a game winner may receive more than $250 in prizes?

CONCLUSION

A charitable organization may not conduct a bingo game know as "progressive power ball bingo" in which a game winner may receive more than $250 in prizes.

ANALYSIS

In 1976 California voters approved an amendment to the Constitution specifying that "the Legislature by statute may authorize cities and counties to provide for bingo games, but only for charitable purposes." (Cal. Const., art IV, § 19, subd. (c).) The Legislature implemented this constitutional provision by enacting Penal Code section 326.5.[1] The statute authorizes the playing of bingo where the games are conducted by a specified organization for charitable purposes pursuant to local ordinance. Subdivision (o) of section 326.5 defines "bingo" as follows:

> "As used in this section, 'bingo' means a game of chance in which prizes are awarded on the basis of designated numbers or symbols on a card that conform to numbers or symbols selected at random. Notwithstanding Section 330c, as used in this section, the game of bingo includes cards having numbers or symbols that are concealed and preprinted in a manner providing for distribution of prizes. The winning cards shall not be known prior to the game by any person participating in the playing or operation of the bingo game . . ."[2]

The question presented for resolution is whether a charitable organization may conduct a bingo game known as "progressive power ball bingo," where a game winner may be awarded more than $250 in prizes. We conclude that it may not.

In progressive power ball bingo, players may purchase a stamp at the beginning of the session. All the money paid for the stamps is placed in a separate pool not exceeding $250. Prior to the first game, the "power ball number" is chosen for the session. For example, the game operator may tell the players that the fourth ball released will be the power ball number. If that number is called during any game so that it allows a player to use his stamp to win (it is the last number called producing the bingo), the player will win $250 for the game and all the money in the separate pool. Two or more players may share the separate pool if each has bingo with the power ball number. While one power ball win depletes the separate pool for the entire session, if the pool is not won during the session, it is added to the next session's separate pool, making it "progressive."

---

[1] All references hereafter to the Penal Code are by section number only.

[2] Section 330c describes a "punchboard" as a slot machine, the possession of which is illegal under section 330b.

We believe that operating the game of power ball bingo, as described above, violates the Legislature's restriction on the amount of money that may be won in a single bingo game. Subdivision (n) of section 326.5 states:

> "The total value of prizes awarded during the conduct of any bingo games shall not exceed two hundred fifty dollars ($250) in cash or kind, or both, for each separate game which is held."

Here, a game winner who has purchased a stamp is entitled to more than $250 if the power ball number produces the bingo. We view this possibility as all that is necessary to cause a violation of section 326.5, subdivision (n), since the statute limits "any" and "each" bingo game winner to $250 in prizes. If we had any doubt as to the plain meaning of subdivision (n)'s requirements, the statute's legislative history confirms our interpretation. The references in the committee reports to the $250 limitation at the time of its adoption (Stats. 1975, ch. 869, § 1) state: "Total value of prizes awarded during any game shall not exceed $250." (Assem. Bill No. 144 (1975-1976 Reg. Sess.).)

Our interpretation of subdivision (n) of section 326.5 is consistent with well established principles of statutory construction. "To interpret statutory language, we must 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632.) The first step in determining the Legislature's intent "is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. [Citations.]" (*People* v. *Valladoli* (1996) 13 Cal.4th 590, 597.) We are "to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose . . ." (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1159.) Finally, " 'the legislative history of the statute . . . may be considered in ascertaining the legislative intent. [Citation.]' " (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.)

A commonsense construction of section 326.5, subdivision (n) requires that any winner of a bingo game receive at most $250. Playing power ball bingo as described above fails this test. We conclude that a charitable organization may not conduct a bingo game known as progressive power ball bingo in which a game winner may receive more than $250 in prizes.

* * * * *