[No. E013318. Fourth Dist., Div. Two. Feb. 28, 1996.]

DONALD A. SAUNDERS et al., Plaintiffs and Appellants, v. WALTER L. TAYLOR et al., Defendants and Respondents.

## COUNSEL

Donald A. Saunders and Joyce E. Saunders, in pro. per., for Plaintiffs and Appellants.

Borton, Petrini & Conron, Daniel L. Ferguson and Douglas E. Klein for Defendants and Respondents.

## OPINION

### McKINSTER, J.—

#### FACTUAL AND PROCEDURAL BACKGROUND

In 1987, Mr. and Mrs. Saunders purchased a house from Mr. and Mrs. Taylor for $87,500. Prior to the close of escrow, the Taylors executed and delivered a real estate transfer disclosure statement to the Saunderses as required by Civil Code[1] section 1102.2 et seq. That disclosure form asked, inter alia, whether the sellers were aware of any "[r]oom additions, structural modifications, or other alterations or repairs made without necessary permits" or which were "not in compliance with building codes." (§ 1102.6.) The Taylors answered "no" to both questions.

In October of 1990, the Saunderses had the house appraised in order to obtain a home improvement loan. The appraiser told them that he could not locate any building permits for a family room which had been added by

---

[1] Unless specified otherwise, all further section references are to the Civil Code.

enclosing a patio. The Saunderses thereafter confirmed with their city's department of building and safety that there were no building permits issued either for the patio conversion or for several other improvements. The building inspector also informed them that the family room and various other alterations did not comply with applicable building codes. Contractors consulted by the Saunderses estimated that it would cost $25,000 to bring the various improvements into compliance.

After the inspection, the Saunderses sued the Taylors. Alleging that the Taylors either knew that their answers to the relevant questions on the disclosure statement were false or gave those answers without reasonable grounds for believing them to be true, the Saunderses sought compensatory and punitive damages for intentional fraud, suppression of fact, and negligent misrepresentation.

Trial of the matter was commenced before a jury. At the conclusion of the Saunderses' case, the Taylors moved for a judgment of nonsuit (Code Civ. Proc., § 581c, subd. (a)) on the grounds that there had been no evidence of what damages, if any, had been suffered as a result of the alleged misrepresentations. In particular, the Taylors noted that there had been no evidence of what the value of the property would have been at the time it was sold to the Saunderses had the lack of permits and structural defects been fully disclosed. In addition, the Taylors argued that there was no substantial evidence of either the knowledge or the reasonable reliance necessary to establish liability for deceit.

The trial court granted the motion and entered judgment in the Taylors' favor. The Saunderses appeal.

### The Judgment of Nonsuit Must be Affirmed.

■ "A defendant is entitled to a nonsuit if the trial court determines that, as a matter of law, the evidence presented by plaintiff is insufficient to permit a jury to find in his favor." (*Nally* v. *Grace Community Church* (1988) 47 Cal.3d 278, 291 [253 Cal.Rptr. 97, 763 P.2d 948].) In determining the sufficiency of the evidence, the trial court must not weigh the evidence or consider the credibility of the witnesses. Instead, it must interpret all of the evidence most favorably to the plaintiff's case and most strongly against the defendant, and must resolve all presumptions, inferences, conflicts, and doubts in favor of the plaintiff. If the plaintiff's claim is not supported by substantial evidence, then the defendant is entitled to a judgment as a matter of law, justifying the nonsuit. (*Ibid.*)

■ Since motions for nonsuit raise issues of law (*Loral Corp.* v. *Moyes* (1985) 174 Cal.App.3d 268, 272 [219 Cal.Rptr. 836]), we review the rulings

on those motions de novo, employing the same standard which governs the trial court (*Nally* v. *Grace Community Church, supra,* 47 Cal.3d at p. 291). We may sustain the granting of the motion on any ground specified in the motion, whether or not it was the ground relied upon by the trial court. (*Lawless* v. *Calaway* (1944) 24 Cal.2d 81, 92-94 [147 P.2d 604]; *Hansen Pacific Corp.* v. *Buck Mountain Logging Co.* (1961) 191 Cal.App.2d 826, 831 [13 Cal.Rptr. 82].) Thus, although the trial court appeared to rely upon the alleged insufficiency of the evidence of the Taylors' knowledge that their representations were false, we may focus on the element of damage.[2]

Each of the three causes of action alleged by the Saunderses is a variety of deceit or actual fraud. (§§ 1710, subds. 1-3 & 1572, subds. 1-3.) An essential element of any action for deceit is that the plaintiff has been damaged as a result of the defendant's misrepresentation or concealment of fact. (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676, p. 778; *id.,* § 718, pp. 817-818; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 661, p. 109; *id.,* § 676, pp. 126-127; *id.,* § 680, p. 131.)

In common law actions for deceit, the general test by which the existence of that damage is determined and by which the extent of that damage is measured in situations involving the sale of property is prescribed by statute: "One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received . . . ." (§ 3343, subd. (a).) The enactment of that section in 1935 marked California's adoption of the "out-of-pocket" rule as the exclusive measure of damages in fraud cases, except those involving the breach of fiduciary duties. (*Alliance Mortgage Co.* v. *Rothwell* (1995) 10 Cal.4th 1226, 1240-1241 [44 Cal.Rptr.2d 352, 900 P.2d 601]; *Stout* v. *Turney* (1978) 22 Cal.3d 718, 725-726 [150 Cal.Rptr. 637, 586 P.2d 1228].) It replaced the "benefit of the bargain" rule, which measured damages according to "the difference

---

[2]Several opinions state that an appellate court is restricted, not merely to the grounds specified by the moving party, but to the specific ground or grounds relied upon by the trial court in granting the motion. (*DeVaughn Peace, M.D., Inc.* v. *St. Francis Medical Center* (1994) 28 Cal.App.4th 454, 459 [33 Cal.Rptr.2d 459]; *Wallace* v. *City of Los Angeles* (1993) 12 Cal.App.4th 1385, 1395 [16 Cal.Rptr.2d 113]; and cf. *Raven's Cove Townhomes, Inc.* v. *Knuppe Development Co.* (1981) 114 Cal.App.3d 783, 796 [171 Cal.Rptr. 334].) We respectfully disagree, because the authorities cited by those cases do not support such a restriction. To the contrary, the Supreme Court has held merely that a judgment of nonsuit usually cannot be affirmed on a ground not specified below *by the moving party* because it would deprive the plaintiff of the opportunity to remedy any defects in its proof. (*Lawless* v. *Calaway, supra,* 24 Cal.2d at p. 94; and cf. *Carson* v. *Facilities Development Co.* (1984) 36 Cal.3d 830, 839 [206 Cal.Rptr. 136, 686 P.2d 656].) That rationale does not bar the consideration on appeal of alternative grounds which were stated by the moving party but which were not among those relied upon by the trial court in granting the motion.

between the actual value of what the defrauded person received and the value which it would have had if it had been as represented." (*Bagdasarian v. Gragnon* (1948) 31 Cal.2d 744, 760 [192 P.2d 935].) The use of the latter measure of damages in cases involving the sale of property has been statutorily rejected. (§ 3343, subd. (b)(1).)

Thus, to establish a common law cause of action for deceit in the sale of a piece of property, a buyer must offer evidence that the price he or she paid for the property was greater than the actual value of the property. While the Saunderses testified that they paid $87,500 for the house, they offered no evidence of what the market value of the house would have been had the true facts been known regarding the lack of permits and the lack of compliance with building codes. Accordingly, the Saunderses failed to show that they had suffered any damages, at least as damages are measured by section 3343. If section 3343 is the correct measure of damages, they failed to establish one of the elements of their action, and the judgment of nonsuit was properly entered against them.

The Saunderses argue that section 3343 is not the correct measure of damages. At trial they cited to section 1102.13, which provides: "No transfer subject to this article shall be invalidated solely because of the failure of any person to comply with any provision of this article. However, any person who willfully or negligently violates or fails to perform any duty prescribed by any provision of this article shall be liable in the amount of *actual damages* suffered by a transferee." (Italics added.) ▮ The Saunderses contend that the reference to the recovery of "actual damages" means that, when prosecuting the statutory cause of action described by section 1102.13, a plaintiff's damages are measured by the benefit-of-the-bargain rule rather than by section 3343.

We reject that argument, for several reasons.

There is nothing in the words "actual damages" which supports the Saunderses' construction. "Damages" are monetary compensation for loss or harm suffered by a person, or certain to be suffered in the future, as the result of the unlawful act or omission of another. (§§ 3281-3283.) "Actual" is defined as "existing in fact or reality," as contrasted with "potential" or "hypothetical," and as distinguished from "apparent" or "nominal." (Webster's Third New Internat. Dict. (1964) p. 22.) It follows that "actual damages" are those which compensate someone for the harm from which he or she has been proven to currently suffer or from which the evidence shows he or she is certain to suffer in the future. They are to be distinguished from those which are nominal rather than substantial, exemplary or punitive rather

than compensatory, and speculative rather than existing or certain. (*Beeman v. Burling* (1990) 216 Cal.App.3d 1586, 1601, fn. 9 [265 Cal.Rptr. 719]; Black's Law Dict. (6th ed. 1990) pp. 35 & 390; and cf. *Weaver v. Bank of America* (1963) 59 Cal.2d 428, 437 [30 Cal.Rptr. 4, 380 P.2d 644] [not speculative or punitive].) In short, " ' "[a]ctual damages" is a term synonymous with compensatory damages . . . .' " (*Weaver*, p. 437; *Balmoral Hotel Tenants Assn. v. Lee* (1990) 226 Cal.App.3d 686, 689 [276 Cal.Rptr. 640].)

It is in this sense—i.e., to denote compensatory damages for actual injuries, as opposed to other types of relief—that the term is repeatedly used in California's codified statutes. For instance, section 52, subdivision (b), distinguishes between actual damages and exemplary damages, civil penalties, and attorney fees. The same section states that " 'actual damages' means special and general damages." (*Id.*, subd. (h).) Section 987, subdivision (e), contrasts actual damages with injunctive relief, punitive damages, and attorney fees. Section 1133, subdivision (d), distinguishes between actual damages on the one hand and attorney fees and a penal fine on the other. Other examples in the Civil Code, the Business and Professions Code, and other codes are too numerous to mention. While we did not examine each of the more than 150 instances in which the term is employed, we found no instance in which the term "actual damages" was used to distinguish between different measures of compensatory damages.

Nor does "actual damages" connote a different measure of damages in the specific context of actions for damages for deceit. In *Ward v. Taggart* (1959) 51 Cal.2d 736 [336 P.2d 534], the court held that a defrauded plaintiff could not recover damages for fraud because "recovery in a tort action for fraud is limited to the actual damages suffered by the plaintiff" (p. 741), and there was no evidence of any out-of-pocket loss as measured by section 3343 (51 Cal.2d at p. 740). The Supreme Court thus equated "actual damages" with the measure of damages prescribed by section 3343, which is exactly the opposite connotation urged by the Saunderses.

In short, in urging that the term "actual damages" in section 1102.13 means damages as measured by the benefit-of-the-bargain rule, the Saunderses are arguing for (1) a return to a measure of damages which has been rejected since 1935, (2) a construction of the term which is contrary to that employed in scores of other statutes, and (3) an interpretation for which the Saunderses have offered no authority. Had the Legislature intended to resurrect such a remedy and to adopt such an unorthodox meaning, we have no doubt that it would have said so. However, our review of the legislative history surrounding the enactment of section 1102 et seq., reveals nothing to support such an intention.

■ For all these reasons, we conclude that "actual damages," as used in section 1102.13, means compensatory damages as measured by section 3343. Since the Saunderses did not offer any evidence to show that they were damaged within the meaning of section 3343, the judgment of nonsuit must be affirmed.

DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and Richli, J., concurred.