93 Cal.Rptr.2d 169 (2000)
78 Cal.App.4th 733
Ellen LUND, Plaintiff and Appellant,
v.
BALLY'S AEROBIC PLUS, INC., et al. Defendants and Respondents.
No. B127903.
Court of Appeal, Second District, Division Six.
February 28, 2000.
*170 Steven W. O'Reilly, Torrance, and Charles B. O'Reilly, Marina Del Rey, for Plaintiff and Appellant.
Anthony J. Ellrod and Steven J. Renick, Manning, Marder & Wolfe, Los Angeles, for Defendant and Respondent.
YEGAN, J.
The modern health or fitness club is a place where a person can attain physical health and fitness. It is also a place where a person can get hurt. For this reason, most, if not all, health clubs require patrons to assume the risk of physical injury associated with body building and aerobic conditioning. As we shall explain, here the waiver and release of liability operates as an effective written assumption of the risk which bars recovery.
Ellen Lund appeals from the judgment of nonsuit granted to respondents Bally's Aerobic Plus, Inc. and Bally's Total Fitness (collectively, Bally's) after the presentation of her evidence at the trial of this personal injury case. Lund unsuccessfully contends the trial court erred when it concluded her claims were barred by a waiver and release form she signed when she became a member of a Bally's gym.

Facts and Procedural History
In late 1989 or early 1990, Lund injured her cervical spine and had surgery to fuse two vertebrae in her neck. In February 1994, she joined a Bally's health club in Simi Valley. In December of 1994, she paid Bally's $375 in addition to the cost of her membership for 20 sessions with a personal trainer, Ron Ladd. Lund told Ladd that she previously had neck surgery and that her doctor told her not to lift weight over her head. Ladd assured her that he could show her how to use the weight machines without injuring her neck. Lund followed his advice. Admittedly, with the benefit of hindsight, Ladd's assurances and Lund's acceptance of his representations were foolish.
During their first session, Ladd showed Lund how to use an incline bench press machine with a 10-pound weight. Lund lifted the weight 15 times before she felt pressure in her neck. After she lifted it three more times, Lund felt a pain, "like the top of my head broke off." She had re-injured her cervical spine, requiring another surgery. Lund sued Bally's for personal injury, contending Ladd was negligent when he instructed her on how to use the incline bench press.
The trial court granted Bally's motion for nonsuit following the presentation of her evidence at trial. It concluded that a waiver and release included in Lund's membership contract barred her claim. The waiver and release is part of the form retail installment contract prepared by Bally's that Lund signed when she joined the club in February 1994. Lund testified that, although she reviewed the financial terms of the contract, she did not read its other provisions.
Near the signature line, the contract states: "NOTICE TO BUYER: 1. DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN...." Lund testified she did not read this portion of the contract. A few lines later, the contract states: "WAIVER AND RELEASE: This contract contains a WAIVER AND RELEASE in Paragraph 10 to which you will be bound." Lund did not read this sentence. Lund also acknowledged that she did not read the waiver and release paragraph itself.
The waiver and release paragraph, printed on a following page of the contract, provides, "10. WAIVER AND RELEASE. *171 You (Buyer, each Member and all guests) agree that if you engage in any physical exercise or activity or use any club facility on the premises, you do so at your own risk. This includes, without limitation, your use of the locker room, pool, whirlpool, sauna, steamroom, parking area, sidewalk or any equipment in the health club and your participation in any activity, class, program or instruction. You agree that you are voluntarily participating in these activities and using these facilities and premises and assume all risk of injury, illness, damage or loss to you or your property that might result, including, without limitation, any loss or theft of any personal property. You agree on behalf of yourself (and your personal representatives, heirs, executors, administrators, agents and assigns) to release and discharge us (and our affiliates, employees, agents, representatives, successors and assigns) from any and all claims or causes of action (known or unknown) arising out of our negligence. This Waiver and Release of liability includes, without limitation, injuries which may occur as a result of (a) your use of any exercise equipment or facilities which may malfunction or break; (b) our improper maintenance of any exercise equipment or facilities, (c) our negligent instruction or supervision, and (d) you slipping and falling while in the health club or on the premises. You acknowledge that you have carefully read this Waiver and Release and fully understand that it is a release of liability. You are waiving any right that you may have to bring a legal action to assert a claim against us for our negligence."
When she first approached Ladd about using his services, Lund knew that she would have to pay Bally's an additional fee because the services of a personal trainer were not included in the price of her membership. She also knew that Ladd was an employee of Bally's. Lund received a receipt from Ladd. The receipt acknowledges that she paid for 20 sessions but contains no substantive terms. Ladd did not require Lund to execute a personal trainer waiver and release which, according to Lund's expert, is standard in the industry.

Standard of Review
We independently review the trial court's decision to grant a nonsuit, using the same standard employed by the trial court. (Saunders v. Taylor (1996) 42 Cal. App.4th 1538, 1541-1542, 50 Cal.Rptr.2d 395.) Here, Bally's was entitled to a nonsuit only if the evidence presented by Lund was insufficient as a matter of law to permit a jury to find in her favor. (Burlesci v. Petersen (1998) 68 Cal.App.4th 1062, 1065, 80 Cal.Rptr.2d 704.) In deciding the sufficiency of the evidence, we do not weigh the evidence or consider the credibility of the witnesses. We accept the evidence most favorable to Lund, give that evidence all of the weight to which it is legally entitled, disregard conflicting evidence, and resolve all presumptions, inferences and doubts against Bally's. (Id.) We may affirm the nonsuit only if Lund's case is not supported by substantial evidence and Bally's is entitled to judgment as a matter of law. (Id.; Saunders v. Taylor, supra, 42 Cal.App.4th at p. 1541, 50 Cal. Rptr.2d 395.)

Waiver and Release
Lund contends the February 1994 waiver and release does not bar her claim. First, she argues this waiver and release does not apply because she made a separate contract with Bally's to obtain the services of a personal trainer. That contract (the receipt she received from Ladd) does not contain a waiver and release. Second, Lund argues that because the February 1994 waiver and release does not specifically mention personal trainer services, injuries suffered while being personally trained are outside its scope. Finally, Lund contends the waiver and release is invalid because it violates Civil Code section 1668. We reject each of these arguments.
*172 The dispositive question is whether the February 1994 waiver and release applies to Lund's use of Bally's weight lifting equipment under the supervision of a personal trainer employed by Bally's. (Paralift, Inc. v. Superior Court (1993) 23 Cal.App.4th 748, 754, 29 Cal. Rptr.2d 177.) To achieve that result, the release must "`be clear, unambiguous and explicit in expressing the intent of the parties.'" (Id at p. 755, 29 Cal.Rptr.2d 177, quoting Madison v. Superior Court (1988) 203 Cal.App.3d 589, 597-598, 250 Cal.Rptr. 299.) Waiver and release forms are to be strictly construed against the defendant. Such a form is simply a written assumption of a known risk, i.e. a risk reasonably anticipated by the plaintiff. (Leon v. Family Fitness Center (#107), Inc. (1998) 61 Cal.App.4th 1227, 1234, 71 Cal.Rptr.2d 923.) To be operative, the defendant's negligence which results in plaintiffs injury must be reasonably related to the object or purpose for which the release is given. (Id., at p. 1235, 71 Cal. Rptr.2d 923; Paralift, Inc. v. Superior Court, supra, 23 Cal.App.4th at p. 757, 29 Cal.Rptr.2d 177; Madison v. Superior Court, supra, 203 Cal.App.3d at p. 601, 250 Cal.Rptr. 299.) Here, the trial court correctly concluded that the waiver and release clearly and unambiguously applied to bar Lund's claims.
Lund was injured while exercising with equipment provided by Bally's. Her membership contract expressly states that she engaged in these activities at her own risk, and "assume[s] all risk of injury ... that might result" from them. Moreover, the contract released Bally's from all claims arising out of its negligence, including, "injuries which may occur as a result of (a) [Lund's] use of any exercise equipment or facilities, [and] (c) our negligent instruction or super-vision...." The undisputed evidence demonstrates that Lund was injured while using Bally's equipment under the "instruction or supervision" of a Bally's employee. The waiver and release clearly, unambiguously and explicitly bars this claim. (Leon v. Family Fitness Center (1998) 61 Cal.App.4th 1227, 1233, 71 Cal. Rptr.2d 923; Allabach v. Santa Clara County Fair Assn., Inc. (1996) 46 Cal. App.4th 1007, 1015-1016, 54 Cal.Rptr.2d 330.)
That Lund was required to pay an extra fee for Ladd's services without executing a new waiver and release specifically addressing personal trainer negligence does not render the 1994 membership contract inapplicable. The release is not limited to activities included in the standard membership. Instead, it expressly applies to any exercise activity and any such activity while being instructed or supervised. Because Lund was injured while exercising and while being instructed or supervised, the release bars her claim. (Paralift, Inc. v. Superior Court, supra, 23 Cal.App.4th at p. 756, 29 Cal.Rptr.2d 177.) We emphasize that Ladd's negligence was "... reasonably related to the object or purpose for which the release [was] given." (Id., at p. 757, 29 Cal.Rptr.2d 177.)[1]
Finally the waiver and release do not violate Civil Code section 1668. This statute provides: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the *173 person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." (Civ.Code, § 1668.) This statute is here irrelevant. There is no allegation of fraud, willful injury or any violation of law. Moreover, California courts have consistently held that, "although exculpatory clauses affecting the public interest are invalid [citation], exculpatory agreements in the recreational sports context do not implicate the public interest." (Allan v. Snow Summit, Inc. (1996) 51 Cal.App.4th 1358, 1373, 59 Cal. Rptr.2d 813; see also Randas v. YMCA of Metropolitan Los Angeles (1993) 17 Cal. App.4th.158, 161-162, 21 Cal.Rptr.2d 245.)
The judgment is affirmed. Costs to respondent.
GILBERT, P.J., and PERREN, J., concur.
NOTES
[1] The instant waiver and release form, when measured against the rules articulated in Leon v. Family Fitness Center, supra, 61 Cal. App.4th at pages 1234-1235, 71 Cal.Rptr.2d 923, obviously does not exculpate defendant from all negligence as intended by the drafter. While it may have a chilling effect on the filing of a lawsuit, the drafter's choice of allencompassing language may not be determinative. For example, in the health or fitness club context, the Leon court held that the plaintiff did not assume the risk that he would be injured by a collapsing sauna bench even though he 1. assumed the risk of injury while exercising (id., at p. 1235, 71 Cal.Rptr.2d 923) and 2. waived claims "... of any kind whatsoever ... resulting from or related to Member's use of the facilities...." (Id., at p. 1231, 71 Cal.Rptr.2d 923; compare YMCA of Metropolitan Los Angeles v. Superior Court (1997) 55 Cal.App.4th 22, 63 Cal.Rptr.2d 612.)