BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE TOM TORLAKSON, MEMBER OF THE STATE SENATE, has requested an opinion on the following questions:
1. Where a natural hazard disclosure statement is required in the sale of residential property, how soon after the acceptance of the buyer's offer is the seller required to deliver the statement?
2. If the seller is required to deliver a natural hazard disclosure statement but fails to do so by the time transfer of title is to take place, may the buyer terminate his or her offer to purchase the property?
 CONCLUSIONS
1. Where a natural hazard disclosure statement is required in the sale of residential property, the seller must deliver the statement to the buyer promptly under the circumstances and prior to the transfer of title.
2. If the seller is required to deliver a natural hazard disclosure statement but fails to do so by the time transfer of title is to take place, the buyer may terminate his or her offer to purchase the property.
 ANALYSIS
The Legislature has enacted a comprehensive statutory scheme (Civ. Code, §§ 1103-1103.14),[1] providing for the seller's disclosure of natural hazards with respect to residential property being sold. The legislation requires that the buyer receive a natural hazard disclosure statement ("NHDS") regarding specified natural hazards that may affect the property. (§ 1103.2, subd. (a).) Though "not a warranty," the NHDS assists the buyer "in deciding whether and on what terms to purchase the subject property." (§ 1103.2, subd. (a).)[2]
An NHDS is required if the property being transferred is located in (1) a special flood hazard area, (2) a very high fire hazard severity zone, (3) an area of potential flooding, (4) an earthquake fault zone, (5) a seismic hazard zone, or (6) a wildland fire hazard area as designated on certain state and federal maps. (§ 1103, subds. (a), (c).)
The two questions presented for analysis concern the requirements for the seller's delivery of an NHDS. When must the seller deliver the NHDS, and may the buyer terminate his or her offer if delivery is not made by the scheduled date for the transfer of title? We conclude that the seller must act promptly and reasonably under the circumstances and that the offer may be terminated if the NHDS is not delivered by the time the title is scheduled to be transferred.
The legal issues to be addressed primarily concern the relationship between two statutes. Section 1103.3 states:
 "(a) The transferor of any real property subject to this article shall deliver to the prospective transferee the written statement required by this article, as follows:
 "(1) In the case of a sale, as soon as practicable before transfer of title.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(b) The transferor shall indicate compliance with this article either on the receipt for deposit, the real property sales contract, the lease, any addendum attached thereto, or on a separate document.
 "(c) If any disclosure, or any material amendment of any disclosure, required to be made pursuant to this article is delivered after the execution of an offer to purchase, the transferee shall have three days after delivery in person or five days after delivery by deposit in the mail to terminate his or her offer by delivery of a written notice of termination to the transferor or the transferor's agent."
Section 1103.13 provides:
 "No transfer subject to this article shall be invalidated solely because of the failure of any person to comply with any provision of this article. However, any person who willfully or negligently violates or fails to perform any duty prescribed by any provision of this article shall be liable in the amount of actual damages suffered by a transferee."
In analyzing these provisions we apply well recognized principles of statutory construction. "To interpret statutory language, we must `ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 632.) In determining the Legislature's intent, we are to "scrutinize the actual words of the statute giving them a plain and common-sense meaning. [Citations.]" (People v. Vallodoli (1996) 13 Cal.4th 590, 597.) "In construing a statute, a court may consider the consequences that would follow from a particular construction and will not readily imply an unreasonable legislative purpose. Therefore a practical construction is preferred." (California Correctional Peace Officers Assn. v. State Personnel Bd. (1995) 10 Cal.4th 1133, 1147.) "In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose. . . ." (Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1159.) "`[S]tatutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.]'" (Walnut Creek Manor v. Fair Employment Housing Com. (1991) 54 Cal.3d 245,268.)
1. Time of Delivery
If an NHDS is required, subdivision (a)(1) of section 1103.3
requires the seller to deliver the statement to the buyer "as soon as practicable before transfer of title." How much time, prior to the transfer of title, does the seller have to deliver the NHDS to the transferee?
In Pacific Employer's Ins. Co. v. Superior Court (1990)221 Cal.App.3d 1348, the court considered whether a notice had been delivered "as soon as practicable" pursuant to an insurance policy. The court analyzed the phrase as follows:
 ". . . A provision requiring notice `as soon as practicable' has generally been construed as `merely requiring notice which is prompt and reasonable under the circumstances.' [Citation.] `Practicable' is defined as `feasible' or `possible'. . . ." (Id. at p. 1356.)
It is conceivable that a prompt delivery of an NHDS may be made "after the execution of an offer to purchase," but in such case the buyer has three days after delivery made in person or five days after delivery received by mail to terminate his or her offer. (§ 1103.3, subd. (c).) It is apparent from this statutory language that the seller should anticipate having the NHDS prepared prior to receiving any offers on the property. Nevertheless, if upon receipt of an offer, the seller provides disclosure that is prompt and reasonable under the circumstances and does so prior to the transfer of title, the seller has met his or her delivery obligation under the terms of section 1103.3.
Although delivery must be prompt, section 1103.3 contemplates applying a standard of reasonableness by use of the word "practicable." Flexibility is necessary because the seller may need to engage the assistance of third party experts or governmental entities in obtaining the required information. What constitutes disclosure that is both prompt and reasonable would depend upon the specific facts underlying the particular real estate transaction.
We conclude in answer to the first question that where an NHDS is required in the sale of residential property, the seller must deliver the NHDS to the buyer promptly under the circumstances and prior to the transfer of title.
2. Failure to Deliver
We next consider the legal consequences of a seller's failure to provide a required NHDS by the scheduled time for transfer of the property. Must the buyer nonetheless go forward with the transaction, or may he or she terminate the offer?
As previously quoted, section 1103.13 provides the remedy for the negligent failure to perform any duty prescribed by sections1103-1103.14:
 ". . . [A]ny person who willfully or negligently violates or fails to perform any duty prescribed by any provision of this article shall be liable in the amount of actual damages suffered by a transferee."[3]
By its terms, section 1103.13 is not restricted to situations where there has been a transfer of title. Morever, this remedial provision may not be read as obviating the seller's obligation to deliver a required NHDS (§ 1103.3, subd. (a)(1)) or the buyer's opportunity to terminate the offer based on the contents of an NHDS (§ 1103.3, subd. (c)). If the delivery of an NHDS is not made by the scheduled date for transfer of the property, the buyer need not go forward with the transaction and may withdraw his or her offer. Such construction of these interrelated provisions gives effect to each in keeping with the Legislature's apparent intent.[4]
Of course, if the transfer of title occurs notwithstanding the seller's failure to deliver a required NHDS, the buyer's opportunity to terminate the offer is lost. After transfer of title, the buyer's statutory remedy for the seller's failure to make the required disclosure is limited to a recovery of the amount of actual damages suffered and not the invalidation of the transfer as set forth in section 1103.13.
Accordingly, we conclude in answer to the second question that if the seller is required to deliver an NHDS but fails to do so by the time transfer of title is to take place, the buyer may terminate his or her offer to purchase the property.
[1] All references hereafter to the Civil Code are by section number only.
[2] Section 1103.8, subdivision (a), further provides that "[t]he specification of items for disclosure in this article does not limit or abridge any obligation for disclosure created by any other provision of law or that may exist in order to avoid fraud, misrepresentation, or deceit in the transfer transaction. . . ." The scope of this opinion is limited to the disclosure requirements of sections 1103-1103.14, and without regard to any facts that would support a cause of action for fraud, misrepresentation, or deceit.
[3] "Actual damages" are compensatory damages representing the buyer's out-of-pocket loss with respect to the transaction. (See Saunders v. Taylor (1996) 42 Cal.App.4th 1538, 1542-1544.)
[4] The parties may choose to have delivery of an NHDS as a contractual condition of the escrow, allowing the buyer to cancel the escrow if the disclosure is not made by a specified date. (See Jolin v. Spira (1949)94 Cal.App.2d 356, 359-360.)