Filed 1/30/25  Cui v. Secured Capital Limited Partnership CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA


| | |
|---|---|
| PAUL CUI, | D082620 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2019-00041913-CU-FR-CTL) |
| SECURED CAPITAL LIMITED PARTNERSHIP et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, Keri G. Katz, Judge.  Affirmed.

Liu & Wakabayashi, Youjun Liu, for Plaintiff and Appellant.

Dinsmore & Shohl, John A. Mayers and George A. Rios III, for Defendants and Respondents.


Appellant Paul Cui (also known as Zhong Hai Cui) appeals the trial court's order granting nonsuit on his contract and tort claims against Defendants Secured Capital and El Dorado Properties involving parking spaces provided by a commercial lease.  We conclude the record does not contain sufficient evidence to establish a breach of contract, intentional

misrepresentation, negligent misrepresentation, or concealment. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Cui and his wife operated a home contracting business. He leased a commercial property for the business from an entity associated with the defendants. After leasing that property for two years, Cui sought larger premises for expanded business needs, and the defendants, through a common representative, showed him a second, larger property. In November 2016, Cui[1] entered into an agreement with Secured Capital to lease the larger property (Lease).

The Lease stated Cui had the right to use and occupy the "Premises" located at 6029 Fairmount Avenue #A, San Diego, California 92120, including the building and rear parking, "as outlined on Exhibit A attached hereto." "Exhibit A" displays an aerial photograph of the building and outlines the location of the parking at the rear of the building, as shown in Figure 1, at the end of this opinion.

The Lease provided Cui would be entitled to use four parking spaces "on those portions of the Common Areas designated from time to time by Lessor for parking" and "shall not use more parking spaces than said number." "Common Areas" were defined as "all areas and facilities outside the Premises . . . designated by the Lessor from time to time for the general non-exclusive use of Lessor, Lessee and other tenants . . . including parking areas, loading and unloading areas." Per the Lease, loading, unloading, and parking was permitted only in the area designated by the lessor.

---

[1]    It appears from the Lease that Cui entered into the agreement personally, not on behalf of his company.

2

In addition, the Lease required Cui to perform certain improvements to the property within a specific period. In exchange for performing those improvements, Cui received three months of early possession of the property with no rent charges.

The Lease contained the following attorney's fees provision: "If any Party or Broker brings an action or proceeding involving the Premises whether founded in tort, contract or equity, or to declare rights hereunder, the Prevailing Party (as hereafter defined) in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees. . . . The term, 'Prevailing Party' shall include, without limitation, a Party or Broker who substantially obtains or defeats the relief sought . . . ."

In 2018, Secured Capital brought an unlawful detainer action against Cui based on his vehicles being parked, loaded, and unloaded in the common area driveway in violation of the Lease.[2] The parties stipulated to a judgment on the action which required that Cui (1) refrain from parking in areas designated no parking zones to permit traffic flow for all tenants, and (2) pay rent due. In January 2019, the court reopened the matter, finding that Cui had failed to comply with the stipulated judgment due to the failure to pay rent. The trial court also ordered a lockout and issued a Writ of Execution for Possession.

Later that year, Cui brought this lawsuit, alleging causes of action for: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) concealment; (4) premises liability; and (5) breach of contract against

---

[2] We take judicial notice of the documents contained in the respondents' Notice of Lodgment which were filed in the unlawful detainer action, San Diego Superior Court Case No. 37-2018-00049772-CL-UD-CTL. (Evid. Code, § 452, subd. (d).) We decline to further augment the record or take judicial notice of the remaining documents lodged that were not included in our August 28, 2024, order granting the motion to augment the record.

Secured Capital only. The complaint sought damages in amount according to proof at trial, punitive damages, attorney's fees, costs, and any other relief determined by the Court.

Prior to trial, the court granted summary judgment on and dismissed the premises liability claim. The matter went to jury trial as to the remaining causes of action in March 2023. At trial Cui testified, or acknowledged to testifying during deposition or in response to interrogatories, that: he inspected the property twice prior to signing the Lease; four common area parking spots existed as designated by the Lease but he could not use them because of the width of the driveway and "slope"; he placed cabinets in the four designated parking spaces; after he signed the Lease and moved into the property, he asked for additional common area parking spots; he received three months of free rent in exchange for the tenant improvements; he leased the property because of its large size, the storage and yard, the proximity to Home Depot, and the potential to transition to a larger space; he spent $27,000 on improvements to the property required by the Lease; and he did not suffer a loss of personal income or other damages as a result of the respondents' conduct.

The defendants' representative testified that the rear area behind the property was the common area designated by the Lease for Cui to park. Further, when Cui visited the property with an interpreter, Cui viewed the parking and ingress/egress of the building, and the defendants' representative was available to answer questions.

Exhibits admitted at trial during Cui's testimony showed that the designated common area parking fit at least four cars, Cui used the common area parking for storage racks and trash, and the "slope" Cui mentioned was a swale used to divert water away from the building.

4

After the conclusion of the plaintiff's evidence, the defendants moved for nonsuit under Code of Civil Procedure section 581c. The defendants argued: Cui inspected the property and had an interpreter during the inspection and lease signing, he received four common area parking spaces per the Lease, and he was not damaged. Thus, there were no misrepresentations, breaches of duty, detrimental reliance on oral statements by defendants, breach of contract, or damages. Cui orally responded to the motion for nonsuit.

The court granted the motion, finding, as to intentional misrepresentation, negligent misrepresentation, and concealment, there was no evidence presented establishing any falsity or concealment, intent to induce reliance on statements made outside of those contained in the Lease, or damages. The trial court arrived at this decision because Cui had two meetings with the defendant, viewed the site, signed the Lease with his personal interpreter present, and did not express any concerns throughout the process. As to breach of the Lease, the court found there was no evidence as to how the alleged breach due to the parking provision caused any damages. On April 17, 2023, the court entered a judgment of nonsuit in favor of the defendants.

The defendants moved for attorney's fees and costs under Code of Civil Procedure section 1032, subdivision (a)(4), and Civil Code section 1717. The defendants contended that they were the prevailing parties, even if Cui was entitled to nominal damages had the jury found a breach of contract, because defendants still would have prevailed on four out of five causes of action, thus "substantially obtain[ing] or defeat[ing] the relief sought" as provided in the contract.

5

On November 9, 2023, the court granted the defendants' unopposed motion for attorney's fees and costs, ruling that the defendants were the prevailing parties under the Lease for purposes of Civil Code section 1717. The court ordered attorney's fees in the amount of $230,741, and costs of $19,688.47. The trial court subsequently amended the judgment to include those amounts.

DISCUSSION

A. *Judgment of Nonsuit*

" 'A defendant is entitled to a nonsuit if the trial court determines that, as a matter of law, the evidence presented by plaintiff is insufficient to permit a jury to find in his [or her] favor.' [Citation.] 'A motion for nonsuit . . . concedes the truth of the facts proved, but denies as a matter of law that they sustain the plaintiff's case. A trial court may grant a nonsuit only when, disregarding conflicting evidence, viewing the record in the light most favorable to the plaintiff and indulging in every legitimate inference, which may be drawn from the evidence, it determines there is *no* substantial evidence to support a judgment in the plaintiff's favor.' " (*M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.* (2012) 202 Cal.App.4th 1509, 1532.) Legitimate inferences do not include "[m]ere conjecture or nonsensical interpretations of evidence," but rather must be "logical and reasonable." (*Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1580.)

We " 'review the rulings on those motions de novo, employing the same standard which governs the trial court.' " (*M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.*, *supra*, 202 Cal.App.4th at p. 1532.) "We may sustain the granting of the motion on any ground specified in the motion, whether or not it was the ground relied upon by the trial court." (*Saunders v. Taylor*

(1996) 42 Cal.App.4th 1538, 1542, citing *Lawless v. Calaway* (1944) 24 Cal.2d 81, 92–94.)

1. *Breach of Contract*

Viewed in the light most favorable to Cui, we conclude the record does not contain sufficient evidence to establish that Secured Capital breached the Lease. (See *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821 ["the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff"].) The Lease provided for four designated parking spaces, outlined the location of that parking in an aerial photograph, stated Cui will not receive any more parking spaces than that number, and did not contain any language regarding "additional" parking. Through evidence provided by Cui, the record shows that he received the parking spaces required by the Lease; any inference otherwise would be unreasonable and illogical. Cui admitted that he received four common area parking spaces as designated by the Lease and illustrated in Exhibit A. "After he moved in," however, he then determined that "he couldn't use the parking spots because the driveway was not wide enough" and that he "could not get to his 4 common area Parking spots because of the slope." Despite Cui's subsequent feelings toward the usability of the designated parking area, the evidence is insufficient to establish Secured Capital breached the contract.

Because we determine there was no breach of contract, we need not consider whether the trial court's failure to consider nominal damages was reversible error.

2. *Tort Causes of Action*

7

We also agree with the trial court that insufficient evidence existed in the record to establish intentional or negligent misrepresentation or concealment. To establish fraudulent misrepresentation, the plaintiff must prove that: (1) the defendant made a false representation of an important fact, (2) the defendant knew the representation was false when made or acted with reckless disregard for its truth; (3) the defendant intended the plaintiff to rely on the representation; (4) the plaintiff reasonably relied on the representation; and (5) the plaintiff was harmed by relying on the representation. (*Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 605–606.) Similarly, the elements of negligent misrepresentation are: " '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.' " (*National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc.* (2009) 171 Cal.App.4th 35, 50.) Finally, "[t]he required elements for fraudulent concealment are: (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact." (*Graham*, at p. 606.)

The record lacks substantial evidence of any misrepresentation or concealment of a material fact, intent to induce reliance on that misrepresentation, reasonable reliance on a misrepresentation of material

8

fact, and damages caused by the reliance. Cui viewed the property twice and had the opportunity to ask questions with his interpreter present.

Cui argues that a false representation or concealment is established by the Lease's provisions. We disagree. As discussed above, Cui admitted he received the parking spaces as provided in the Lease. "Exhibit A," the aerial diagram attached to and referred to in the Lease, which Cui separately initialed, showed the location of his designated parking, of the neighboring tenants' premises, and of the driveway into and out of the complex where no parking was permitted.

Next, Cui contends intent to induce reliance can be inferred because he informed the defendants that he intended to leave the smaller property to obtain the larger property. We disagree that this creates an inference of the intent required to establish the tort causes of action. Indeed, even if his contention is true, Cui's intended actions do not provide any information as to defendants' intentions. We see no evidence in the record that the defendants intended to use a false representation or conceal any fact about parking to induce Cui to enter into the Lease.

Further, while Cui argued he would not have entered the Lease without four additional common area parking spaces, the evidence demonstrates otherwise. At trial, he testified as to the four reasons he agreed to the Lease, and the availability of additional common area parking was absent from the list.

Finally, Cui has not provided any evidence he suffered damages because of any representation or concealment of any fact related to parking. His expenditures on improvements to the building were contractual obligations, and he received early possession without paying rent in exchange for those improvements. The record does not contain substantial evidence

9

that the improvement costs were damages caused by, or in any way connected to, the respondents' representations, or lack of them, as to parking. Likewise, there is no evidence that Cui lost income or customers due to those representations. In fact, he admitted in his discovery responses that he did not lose income or customers due to the acts of the respondents.

B. *Attorney's Fees and Costs*

Although Cui filed a Notice of Appeal as to the trial court's order of attorney's fees and costs, he failed to address this order in his brief and has thus abandoned any claim of error. (*Rufini v. CitiMortgage, Inc.* (2014) 227 Cal.App.4th 299, 312 ["[Appellant] has abandoned any claim of error regarding that cause of action by failing to assert it in his briefs on appeal, so we will not address it."]; *Schmidt v. Bank of America, N.A.* (2014) 223 Cal.App.4th 1489, 1513 [" 'Generally, appellants forfeit or abandon contentions of error regarding the dismissal of a cause of action by failing to raise or address the contentions in their briefs on appeal.' "].)

## DISPOSITION

The judgment is affirmed.  The appellant shall bear costs on appeal.
(Cal. Rules of Court, rule 8.278(a)(2).)


                                                              RUBIN, J.

WE CONCUR:


IRION, Acting P. J.


BUCHANAN, J.

11



*Figure 1: Exhibit A of the Lease*