Filed 3/8/13  P. v. Everette CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRIS EVERETTE,<br><br>    Defendant and Appellant. | E055145, E055146<br><br>(Super.Ct.Nos. RIF1102210 &<br>    RIF10005064)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  J. Thompson Hanks, Judge.  Affirmed in part; reversed in part with directions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ronald A. Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant Chris Everette seeks reversal of his conviction for simple possession of cocaine base (Health & Saf. Code § 11350, subd. (a)), because it is a lesser included offense of one of his other convictions, possession of cocaine base for sale. (Health & Saf. Code § 11351.5.) He also asks that his parole revocation restitution fine be dismissed. (Pen. Code § 1202.45.)[1] We will reverse the possession charge and clarify what revocation restitution fines he is required to pay.

## FACTS AND PROCEDURAL HISTORY[2]

Defendant is 58 years old and a long-time drug addict who has been smoking cocaine for more than 20 years. On April 23, 2011, he was on active (but "non-revocable") parole[3] and probation[4] for earlier drug offenses when he was arrested while

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] This appeal consolidates two cases: E055145 and E055146. Because appellate case numbers are assigned in the order in which appeals are filed, throughout this opinion, record cites to the transcripts in case E055145, filed with this court on February 29, 2012, will be "2RT" and "2CT." Record cites to transcripts in case E055146, filed with this court on January 10, 2012, will "1RT" and "1CT." E055146 concerns a felony drug-possession conviction (Health & Saf. Code § 11350, subd. (a)) on October 26, 2010, in which defendant pled guilty and was granted 36 months probation for a crime committed on October 22, 2010. E055145 concerns the current offenses.

[3] Defendant's parole was subsequent to a two-year prison sentence imposed on March 19, 2009, for four drug convictions. While in prison, on January 28, 2010, he was approved for "non-revocable parole" and on June 7, 2010, he was released to "NRPU" (which we take to mean the "non-revocable parole unit"). Non-revocable parole became available to non-violent-non-sex offenders after January 25, 2010, via Penal Code section 3000.03. The section provides, for eligible persons, that: "Notwithstanding any other provision of law, the Department of Corrections and Rehabilitation shall not return to prison, place a parole hold on pursuant to Section 3056, or report any parole violation to

*[footnote continued on next page]*

in possession of six individually-wrapped chunks of rock cocaine concealed inside a ChapStick container, another six individually-wrapped chunks inside a Krazy Glue container, and one separately-wrapped chunk in his pocket.

Defendant was charged by amended information with, among other things, possession of cocaine base for sale (Health & Saf. Code § 11351.5 (count 1)); and possession of cocaine base (Health & Saf. Code § 11350, subd. (a) (count 2).) In relation to count 1, the information alleged that defendant had a prior drug transportation conviction (Health & Saf. Code §§ 11352 & 11370.2, subd. (a)). The information further alleged that he had served three prior prison terms without remaining free of confinement for a period of five years after his release. (§ 667.5, subd. (b).)

On October 6, 2011, a jury convicted defendant of counts 1 and 2. In a separate proceeding on October 11, 2011, the trial court found the allegation of a prior transportation conviction true, struck one of the three prison priors, found the remaining two true, and referred the matter to probation for an evaluation and report.

---

*[footnote continued from previous page]*
the Board of Parole Hearings or the court . . . ." Since this species of parole could not be revoked, it follows that there could be no associated parole revocation or parole revocation restitution fines.

[4] See footnotes one and two, *ante*, regarding the case for which defendant was on probation. As stated, defendant was granted probation in the October 2010 case despite the fact that he was still on (non-revocable) parole following his release from prison after serving part of his sentence for the March 19, 2009, violation of the same statute. Defendant violated probation in the October 2010 case when he committed his current crimes.

On November 14, 2011, the court sentenced defendant to a split term of 12 years under the Criminal Justice Realignment Act of 2011 (§ 1170, subd. (h)). Defendant was given nine years for his current drug offenses, plus three *consecutive* years for the probation violations. The sentence was to be served as six years in jail and six years on supervised release. In addition, in connection with the current offenses, the court orally imposed a "parole restitution" fine of $200. In connection with the violation of probation case, the court said, "Also, he has to pay the restitution fine of $200. Parole restitution of $200, stayed unless parole is revoked." The court asked defendant if he understood and accepted the supervised release terms applicable to both his cases. After conferring with his attorney, who assured the court that she had explained the sentence to her client, defendant said he accepted the terms. Defendant and his attorney both signed the sentencing memorandum which included the terms and detailed the fines being imposed.

Two weeks later, on November 28, 2011, the court modified the sentence. The split of defendant's nine-year sentence for the current convictions was changed to five years in county jail and four years on supervised release; and the three-year term for the violation of probation conviction was made concurrent rather than consecutive to the nine years. (§ 1170, subd. (h)(5)(B)). The revised sentencing memorandum form reflected these changes. The memorandum also included a reduction in the section 1202.4, subdivision (b) restitution fine from $1800 to $200, the imposition of a $200 probation revocation restitution fine pursuant to section 1202.44, a recalculation of credit for time served, and some minor changes regarding the times within which he would need to report to the enhanced collections division. At the sentencing hearing, defense counsel

did not object to any of the terms.  On December 6, 2011, however, counsel filed a notice of appeal.

## DISCUSSION

Defendant first argues that his conviction for possession of illegal drugs, specifically cocaine base (Health & Saf. Code, § 11350, subd. (a)), must be vacated because it is a lesser included offense of possession of cocaine base for sale (Health & Saf. Code, § 11351.5).  The People agree.

*Lesser Included Offense*

Generally, multiple convictions may not be based on necessarily included offenses.  (*People v. Reed* (2006) 38 Cal.4th 1224, 1226-1227, 1229.)  "[I]f the statutory elements of the greater offense include all of the elements of the lesser offense, the latter is necessarily included in the former."  (*Id*. at pp. 1227, 1229.)  "Under the clear language of the statutes, possession of cocaine base within the meaning of section 11350 is a lesser necessarily included offense of possession of cocaine base for sale in violation of section 11351.5."  (*People v. Adams* (1990) 220 Cal.App.3d 680, 690.)  Accordingly, here, defendant's conviction for possession of cocaine base cannot stand.  Based on the foregoing, we reverse the conviction for count 2.

*Revocation Restitution Fines*

*Parole*

Defendant's second argument is that his parole revocation fines must be stricken because, under the realignment statute, he has been sentenced to jail, not prison, and therefore, he is not subject to a period of parole when he is released to begin his period of

5

mandatory supervision.  Thus, he cannot be subject to a parole revocation restitution fine.

The People agree that a parole revocation fine does not apply where a sentence does not

include a period of parole.  (*People v. Ybarra* (2008) 166 Cal.App.4th 1069, 1097.)

Because defendant is being sentenced to jail rather than prison, he is not subject to a

period of parole or its accompanying parole revocation restitution fine.  On this point, we

agree with the parties and will amend the fines as discussed in more detail below.

*Probation*

The People go on to assert, however, that "Obviously, the trial court misspoke[,]"

when it purported to be imposing a *parole* revocation fine of $200, and meant instead to

be imposing a *probation* revocation fine of $200.  The People support their position by

pointing out that, although generally the oral pronouncement of sentence prevails, in this

case a "fair reading" shows that the court meant to impose a probation revocation fine as

a term of defendant's supervised release.  They note that the Clerk's Transcript and

sentencing memorandum record the fine as a "probation revocation restitution fine"

pursuant to section 1202.44.

Defendant responds that it makes no difference whether the fine was a probation

revocation restitution fine or a parole revocation restitution fine.  In his view, both are

improper because defendant was actually sentenced to jail for his current crime and for

his violation of probation in the earlier case.  Thus, he reasons, he "is not subject to a

probationary term."  In addition, he maintains, "release on mandatory supervision under

section 1170, subdivision (h)(5)(B) is *not* release on probation."  Therefore, he concludes,

6

imposition of a probation revocation restitution fine was, like imposition of a parole revocation restitution fine, improper.

We agree with the People that when the court said, "Also, he has to pay the restitution fine of $200. Parole restitution of $200, stayed unless parole is revoked [,]" it likely misspoke, at least as to the second sentence. The court made the statement during that portion of the hearing in which it was discussing defendant's probation violation convictions. Thus, insofar as it may have been referring to the probation revocation restitution fine due for defendant's violation of the probation he had been granted on October 26, 2010, for his offense of October 22, 2010, the court's first sentence stated the law correctly. That fine was $200; in committing the current offenses, defendant violated the probation he had been granted in the earlier cases. He must, therefore, pay the fine.

It was the second sentence that appears to have been a slip of the judicial tongue. As we have said, the court could not have meant to impose a parole revocation fine for either the probation violation conviction or for the current offense conviction, because there was no period of parole to follow defendant's release from the jail confinement portion of his split sentence. However, despite its terminology (understandable in a period of transition in the law) we conclude that the court correctly imposed a restitution fine that would become effective should defendant be re-incarcerated for violating the conditions upon which he had been granted a period of supervised release.

*Supervised release is a conditional sentence under section 1202.44*

We reach this conclusion via a joint reading of sections of 1170, 1202.4, and 1202.44 of the Penal Code, keeping in mind the rule that, when scrutinizing the words of

7

a statute, courts give the words their usual, ordinary, and commonsense meaning (*People v. Valladoli* (1996) 13 Cal.4th 590, 597, 599). The Oxford English Dictionary defines the word "conditional" as "Subject to, depending on, or limited by, one or more conditions; not absolute; made or granted on certain terms or stipulations."[5] In the legal setting, the meaning of the words of a statute must also be derived from the context in which the words are used and with reference to the entire statutory scheme so that the whole may be harmonized and retain effectiveness. (*People v. Pieters* (1991) 52 Cal.3d 894, 899.)

The relevant provision of section 1170 states that the trial court may commit a defendant to county jail and suspend execution of a concluding portion of the applicable term " . . . during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court." (§ 1170, subd. (h)(5)(B).) Terms and conditions generally applicable to persons placed on probation *or* given "conditional sentences" include revocation restitution fines. To wit: "In every case in which a person is convicted of a crime and *a conditional sentence or* a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional probation revocation restitution fine shall become effective upon the revocation of

---

[5] That website can be found at http://www.oed.com/view/Entry/38552.

probation *or of a conditional sentence*, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record." (§ 1202.44, italics added.)

Here, the probation-officer-supervised-release portion of defendant's sentence was dependent on his accepting and agreeing to terms and conditions that are virtually identical to standard terms of probation. (§ 3454, subds. (a)-(s).) Defendant agreed to those terms, and for the last four years of his nine-year sentence, he will have to abide by them if he wishes to stay out of jail. (§ 3455, subds. (a) & (b).) Accordingly, pursuant to section1202.44, defendant is subject to a revocation restitution fine in the same amount as the mandatory fine imposed under section 1202.4, subdivision (b), $200. If he fails to abide by those conditions, re-offends, and causes his (conditional) mandatory supervised release to be revoked, the fine which is currently stayed will become effective.[6] (§ 1202.44.)

---

[6] Although section 1202.45, subdivision (b), was not yet in effect at the time defendant was sentenced, any confusion that may have existed as to the fines to which a person on supervised release—conditioned upon abiding by terms and conditions generally applicable to persons placed on probation—is subject, has been clarified by its addition to the Penal Code. The language of the provision is virtually identical to that of section 1202.44 except for the substitution of the words "postrelease community supervision" or "mandatory supervision" for the word "probation" wherever it appears. "In every case where a person is convicted of a crime and is subject to either postrelease community supervision under Section 3451 or mandatory supervision under subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional postrelease community supervision revocation restitution fine or mandatory supervision revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4 . . . ." (§ 1202.45, subd. (b).)

In sum, defendant was given a sentence that included a conditional release segment; under the language of section 1202.44, he is subject to a restitution revocation fine should he fail to abide by the terms and conditions that underlie that conditional release.

### DISPOSITION

1) Defendant's conviction for simple possession of cocaine base (Health & Saf. Code § 11350, subd. (a)), is reversed. 2) The Abstract of Judgment is modified to reflect that the $200 probation revocation fine imposed on October 26, 2010, is now due and payable. 3) The order that defendant "Pay $200 for Probation Revocation Restitution Fine" in the minute order of November 28, 2011, is corrected to read "Pay $200 Mandatory Supervision Revocation Restitution Fine." 4) In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

HOLLENHORST
Acting P. J.

RICHLI
J.

10