Filed 7/23/24  P. v. Banks CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>RODNEY BANKS,<br><br>　　Defendant and Appellant. | B331822<br><br>Los Angeles County<br>Super. Ct. No. BA513344 |

　　APPEAL from a judgment of the Superior Court of Los Angeles County, Robert C. Vanderet, Judge. Affirmed in part, vacated in part, and remanded with instructions.

　　Maria Leftwich, under appointment by the Court of Appeal, for Defendant and Appellant.

　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted Rodney Banks of the crime of possession of a firearm by a felon in violation of Penal Code[1], section 29800, subdivision (a)(1). Over the objection of Banks's counsel, who argued that Banks was entitled to a jury trial on the prior strike allegations against him, the court took judicial notice of Banks's two strike priors and sentenced him to the midterm of two years, which the court doubled pursuant to section 1170.12. On appeal, Banks argues that he was entitled to a jury trial on the prior strike allegations under sections 1025 and 1158 and that the denial of any trial on those allegations violated his due process rights. The Attorney General concedes, and we agree, that the court erred in denying Banks a jury trial on the prior strike allegations and that the appropriate remedy is to remand for further proceedings.

Accordingly, we vacate the implicit "true" findings on Banks's prior strikes[2] and his sentence, and remand the matter to the trial court for further proceedings.

# FACTUAL BACKGROUND

On March 11, 2023, Officer Omar Covarrubias and his partner were patrolling an apartment complex when they observed a group in the apartment parking lot. The officers observed one individual walking quickly away from the group, which caught their attention. Officer Covarrubias identified the

[1] All undesignated statutory references are to the Penal Code.

[2] As discussed below, the trial court made no express findings regarding the truth of Banks's alleged prior strikes.

2

individual as Banks. Banks exited the apartment building gate and began running, angling his body away from the officers. Officer Covarrubias began chasing Banks when he heard a patrol car screech to a stop. Banks turned around and started running back towards the apartment building. Officer Ferdy Cordero, who was in the patrol car, saw Banks throw a firearm and yelled to Officer Covarrubias that Banks "had tossed it." Officer Covarrubias eventually detained Banks while Officer Cordero attempted to locate the firearm. Officer Cordero recovered a loaded .45 caliber handgun.

## PROCEDURAL BACKGROUND

An amended information dated June 6, 2023, alleged that Banks committed the crime of possession of a firearm by a felon in violation of section 29800, subdivision (a)(1) (count 1). The amended information alleged that Banks had previously been convicted of first degree burglary on two occasions (§ 459), possession of a firearm by a felon, and carrying a loaded firearm (§ 25850, subd. (a)). It further alleged that Banks was subject to sentencing pursuant to California's Three Strikes Law (§ 667, subds. (b)–(j)) and section 1170.12 because his first degree burglary convictions were serious and/or violent felonies. It also alleged three circumstances in aggravation under rule 4.421(b)(3), (4), and (5) of the California Rules of Court: that Banks had served a prior term in prison, he was on probation at the time he committed count 1, and he had previously performed unsatisfactorily on probation and parole.

Banks pleaded not guilty to count 1 and denied all special allegations.

A jury trial was held in June 2023. The parties stipulated that Banks was legally prohibited from possessing a firearm. At

no point before or during the trial did the court and counsel discuss how the strike priors and circumstances in aggravation would be handled. The jury found Banks guilty on count 1. The court dismissed the jury without asking it to determine the truth of the strike priors or the allegations of circumstances in aggravation.

After the jury was dismissed, the prosecutor said, "So here's the thing, Your Honor. So in the information, we do have a number of aggravating factors, which I know we didn't discuss before the trial but I guess we assumed that they'd be bifurcated, which they usually are, or we'd have to offer a court trial to hear it, which the People are really just submitting a certified rap sheet to prove up the aggravating factors." Counsel for Banks argued that he was entitled to a jury trial on those allegations. The court agreed, stating: "If the defendant is not willing to stipulate to the aggravating factors, we will have to set this for jury trial." Counsel for Banks stated that her client was unwilling to stipulate and argued that "the People may be able to reach their evidentiary burden to the aggravating factors with only a certified rap sheet, but that's ultimately to be determined by a jury." The court set the matter for sentencing and indicated that it would revisit the issue at that time. Neither the court nor counsel mentioned the alleged strike priors.

In his sentencing memorandum, Banks argued that he was entitled to a trial on any allegation that could be used to increase his sentence, citing *Apprendi v. New Jersey* (2000) 530 U.S. 466. He argued that the trial should be a jury trial pursuant to section 1025, subdivision (b). In its sentencing memorandum, the prosecution argued that the high-term sentence of three years should be imposed and doubled in light of Banks's recent strike

4

offenses. The prosecutor attached a certified section 969b packet, which contained abstracts of judgment for Banks's prior convictions for possession of a firearm by a felon, carrying a loaded, unregistered handgun, and first degree burglary.

At the sentencing hearing, the court first stated, "I recognize that the defendant has a right to a trial of disputed issues of fact, including his prior, if that was a disputed issue of fact." The court then said that it did not believe a jury trial on the prior conviction allegations was required because "Evidence Code [section] 453 makes compulsory judicial notice of any matter specified in section 452, which includes a conviction, a certified copy of a conviction." The court stated that Evidence Code section 457 makes matters judicially noticed binding on a jury.

Counsel for Banks argued that he was entitled to a jury trial on the strike priors and that the court could not apply those strike priors in the absence of a jury finding. She further contended that no certified section 969b packet was admitted during the evidentiary portion of the trial; it was only attached to the People's sentencing memorandum. The prosecutor argued that the court could consider the defendant's prior convictions in determining his sentence based on the certified record of conviction without submitting those convictions to a jury under section 1170, subdivision (b)(3),[3] and the submission of the certified section 969b packet outside the presence of the jury for purposes of sentencing was therefore appropriate. The court

---

[3] Section 1170, subdivision (b)(3), states that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

sentenced Banks to the midterm of two years, and then doubled that based on his prior strike conviction pursuant to section 1170.12. The court made no findings on the record that either of the alleged strikes was true. Nor did the court strike either strike, even though it appears to have applied only one of the two strikes in calculating Banks's sentence. Nor did the court address any of the alleged circumstances in aggravation.

Banks timely appealed.

## DISCUSSION

**1.     The court erred in denying Banks a jury trial on the prior strike allegations.**

The parties agree that the court violated Banks's statutory right to a jury trial on the prior strike allegations, as do we.

"The right, if any, to a jury trial of prior conviction allegations derives from sections 1025 and 1158, not from the state or federal Constitution." (*People v. Epps* (2001) 25 Cal.4th 19, 23 (*Epps*).) Section 1025, subdivision (b), states that "the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty . . . ." However, section 1025, subdivision (c), provides that "the question of whether the defendant is the person who has suffered the prior conviction shall be tried by the court without a jury." Section 1158 provides: "Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction."

6

Section 1164, subdivision (b), provides: "No jury shall be discharged until the court has verified on the record that the jury has either reached a verdict or has formally declared its inability to reach a verdict on all issues before it, including, but not limited to . . . *the truth of any alleged prior conviction whether in the same proceeding or in a bifurcated proceeding.*" (Italics added.) "Thus, the provision in section 1164, requiring that the jury be discharged following receipt of the verdict, is expressly qualified by the need to retain the jury to decide the truth of prior felony allegations." (*People v. Valladoli* (1996) 13 Cal.4th 590, 601.)

In *Epps*, the trial court dismissed the jury over the defendant's objection but held a bench trial on a prior serious felony conviction that was alleged for purposes of both a five-year enhancement under section 667, subdivision (a)(1), and the Three Strikes law. (*Epps*, *supra*, 25 Cal.4th at p. 22.) It found the prior conviction allegations true. (*Ibid.*) Following amendments to section 1025 in 1997, which established that it was for the court and not the jury to decide issues of identity (§ 1025, subd. (c)), the California Supreme Court acknowledged that a jury's role with respect to prior conviction determinations is limited. (*Epps*, at pp. 24–25.) However, it rejected the argument that the right to a jury trial of prior conviction allegations had been eliminated. "[I]n theory at least, there may be issues for jury determination under sections 1025 (as amended) and 1158" (*Id.* at p. 25), including, in an appropriate case, "the question of authenticity, accuracy, or sufficiency of prior conviction records." (*Id.* at p. 27.) The court explained: "[O]fficial government records clearly describing a prior conviction presumptively establish that the conviction in fact occurred, assuming those records meet the threshold requirements of admissibility. [Citation.] . . . Therefore,

in most cases, there will be no contested factual question for the jury to decide, and the jury need only render its verdict." (*Ibid.*) Although no contested factual issues were present in the case before it, the Supreme Court concluded that the trial court's failure to submit the issue of the defendant's prior conviction to the jury was error. (*Id.* at p. 28.)

We likewise conclude that the court erred by failing to submit the question of whether Banks suffered the prior strikes to the jury.

## 2. Because Banks's due process rights were violated, remand for further proceedings is the appropriate remedy.

Both parties agree that the proper remedy is remand for a jury trial on the prior strike allegations. Banks and the Attorney General further agree that state and federal double jeopardy protections would not apply to a trial of the prior conviction allegations. (*People v. Monge* (1997) 16 Cal.4th 826, 845.)

Although the Attorney General concedes that the matter must be remanded, he also suggests the error is subject to harmless error analysis under the test applicable to state law errors under *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*), citing *Epps*. In *Epps*, the Supreme Court rejected the argument that the failure to submit the defendants' prior conviction allegations to the jury was a structural defect requiring automatic reversal "because the right to a jury trial of the prior conviction allegations in this case is purely a creature of state statutory law." (*Epps, supra*, 25 Cal.4th at p. 29.) It concluded that the *Watson* test for harmless error applied and that the error was harmless considering that "the only factual question for the jury was whether the prior convictions occurred, and defendant

did not question this fact at his prior convictions trial" and "the prior conviction records were official government documents clearly describing the alleged convictions." (*Id.* at pp. 29–30.) However, as discussed above, the trial court in *Epps* had conducted a bench trial and found the prior conviction allegations true. (*Id.* at p. 22.)

Here, the court did not hold a bench trial, admit the certified section 969b packet as evidence, or make a true finding as to the prior strike allegations. Instead, it took judicial notice of the prior convictions and sentenced Banks. Thus, the error was fundamentally different from the error in *Epps*, as the Attorney General appears to recognize by his concession.

Banks argues, and we agree, that the failure to hold any trial on the prior conviction allegations was a violation of his due process rights. In *People v. Cross* (2015) 61 Cal.4th 164, 172, our high court explained that its opinion in *People v. Vera* (1997) 15 Cal.4th 269 "strongly implied that defendants have a due process right to receive a fair trial on the truth of prior prison term allegations." It further observed that another prior decision, *In re Yurko* (1974) 10 Cal.3d 857, "correctly concluded that 'an accused is entitled to *a trial* on the factual issues raised by a denial of the allegation of prior convictions . . . .' [Citation.]" (*Cross*, at p. 173.) "Indeed, it is well established that, while there is no single ' "best" recidivist trial procedure,' due process requires 'adequate notice' and 'an opportunity to challenge the accuracy and validity of the alleged prior convictions.' [Citations.]" (*Ibid.*)

Banks was denied a trial to which he was entitled, and the trial court made no express finding as to the truth of the allegations before sentencing Banks as though the allegations had been proven true. We agree with the parties that the

9

sentence must be vacated, along with any implicit "true" findings the court may have made regarding the strike priors. (*See People v. Cross*, *supra*, 61 Cal.4th at p. 180 [reversing true finding on the prior conviction allegation and sentence where the trial court failed to inform the defendant of his trial rights and to elicit his waiver of those rights].) We remand for further proceedings consistent with this opinion.[4]

---

[4] As we noted, Banks's counsel contended he was also entitled to a jury trial on the circumstances in aggravation alleged in the information. Here, however, the court imposed the middle term. It did not mention the alleged circumstances in aggravation, or make any findings on them. Accordingly, we express no opinion concerning this contention.

## DISPOSITION

The sentence and any implied findings on the prior strike allegations are vacated. The matter is remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


ADAMS, J.